(Decided 19th June, 1884.)

ROBERT STEWART *vs.* THE STATE OF MARYLAND.

*Larceny—Promissory note—Silver Certificate—Evidence—Sec-*
*tion* 101, *of Article* 30, *of the Code.*

Section 101, of Article 30, of the Code, provides for the punishment
of any one who shall steal any " bond," " bill of exchange," " bank
note," " promissory notes," " checks," and " certificates granted by
or under the authority of this State or of the United States."    An
indictment under this section charged the traverser· with stealing·

"certain promissory notes for the payment of money," and to support this charge, the State offered in evidence a "silver certificate" of the denomination and value of twenty dollars issued by the authority of the United States. HELD:

That such evidence was inadmissible to prove the offence as laid in the indictment.

A "*silver certificate*" issued by the United States is not a promissory note, within the meaning of section 101, of Article 30, of the Code.

APPEAL from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, STONE, ROBINSON, IRVING, and BRYAN, J.

*Frank X. Ward,* for the appellant.

*Edgar H. Gans,* and *Charles B. Roberts, Attorney-General,* (who submitted on brief) for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The traverser was indicted under sec. 101, Art. 30, of the Code, which provides for the punishment of any one who shall steal any "bond," "bill of exchange," "bank note," "promissory notes," "checks," and "certificates granted by or under the authority of this State or of the United States."

The indictment charged the traverser with stealing "*certain promissory notes for the payment of money,*" and to support this charge the State offered in evidence a "*silver certificate*" of the denomination and value of twenty dollars, issued by the authority of the United States. The question is whether such evidence is admissible to prove the offence as laid in the indictment?

The well settled rules of criminal pleading require that the offence shall be described in the indictment with such

certainty and precision as will inform the accused of the nature of the charge brought against him; and as will enable him also to plead his acquittal or conviction in bar to a second prosecution. It was also well settled by the earlier cases, that where, in a statute creating an offence, a *general term* is used, succeeded by words more precise and definite, or a *specific term* is followed by more comprehensive words, the indictment must charge the offence in the *specific words.* Thus where a statute provided a punishment for one who should steal a "*horse,*" "*mare,*" or "*gelding,*" the proof of a "gelding" would not support an indictment for stealing a horse. 2 *East P. C.,* 1075; 1 *Leach,* (4*th Ed.*) 73, *note.*

There is a disposition both in England and in some of the States in this country, to relax somewhat the rigid rules of construction in regard to criminal pleading, and in some cases it has been held that the general term or *genus* embraces the particular or *species.* But the decisions are by no means uniform, and the weight of authority in this country inclines to the ancient rule in this respect. But be that as it may, we are now considering a statute which makes it a penal offence to steal a "*promissory note,*" and this is followed by a provision for stealing a "*bank note,*" or a "*certificate*" issued by the State or by the United States.

The question is not whether a silver certificate, may not be considered in mercantile law, a promissory note, but whether under a statute which provides for the punishment of one who steals a promissory note, and also for stealing "a certificate," the *general* and *more particular terms* are to be construed as meaning the same thing; in other words, whether a *silver certificate* issued by the United States is within the meaning of the statute, a "*promissory note?*" We think not. If the contention on the part of the State be correct, then it was competent to prove under this indictment the stealing of an ordinary

promissory note, we mean the written promise by one to pay another a certain sum of money, or a bank note, issued by a National Bank, or a silver certificate issued by the United States. This would be in violation of every rule of criminal pleading. A silver certificate is not in common parlance a promissory note, and to charge one with stealing a promissory note, would not under such a construction inform the accused as to the nature of the offence for which he was called upon to answer, nor could the jury before whom the case is tried know it was the offence which the grand jury intended to present. In addition to this, such a description would not necessarily *bar* a second indictment charging him with stealing a certificate. An acquittal on an indictment for stealing a promissory note would not on the face of the record be a bar to an indictment for stealing a bank note, or a certificate. It is no answer to say, the accused could prove by extrinsic evidence, that the offences thus charged in the two indictments were in fact but one. This he might or he might not be able to do. At any rate, the criminal law should be so administered as to make every right of the accused available to him; and he should not be compelled to forego any right by reason of loose or insufficient pleading. If one is to be tried for stealing "a certificate," or "a bank note," or "a promissory note," the indictment should charge the offence in the language of the statute. Then the prisoner would know precisely what he was called upon to answer. To hold otherwise, would be inconsistent with the well established principles on which all criminal pleading is based.

For these reasons the ruling below will be reversed and the cause remanded.

*Ruling reversed, and*
*cause remanded.*

(Decided 19th June, 1884.)