WILLIAM  SMITH  *vs.*  STATE  OF  MARYLAND.

*Lottery ticket—Sec. 171, of Art. 72, of the Revised Code—Indictment—Evidence.*

Section 171 of Article 72, of the Revised Code, enacts that the Courts shall construe liberally the provisions relating to lotteries, " and shall adjudge all tickets, parts of tickets, certificates, or any other device whatsoever, by which money or any other thing is to be paid or delivered on the happening of any event or contingency in the nature of a lottery, to be lottery tickets." Under an indictment charging the traverser with having sold a lottery ticket, evidence that he had sold to the person named in the indictment, pieces of paper commonly known as " policies," that entitled the purchaser to receive a specified sum of money on the happening of the contingency of certain numbers being drawn in a lottery of the same date, is relevant to the issue and admissible.

APPEAL from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, ROBINSON, IRVING, BRYAN, and MCSHERRY, J., for the appellant, and submitted on brief for the appellee.

*W. Hollingsworth Whyte,* for the appellant.

*Charles B. Roberts, Attorney-General,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

The appellant was indicted and tried in the Criminal Court of Baltimore City ; the first count in the indictment charging him with having sold a lottery ticket to one William Bailey. On this count there was a verdict of guilty. At the trial the State offered to prove by said Bailey " that he had played policy on the defendant," and that he paid for and received pieces of paper which are commonly known as policies, and which, on the happening of the contingency of certain numbers being drawn in a lottery of the same date but in another State, would entitle him to the sum of one dollar and eighty cents.

The evidence offered was objected to, but the Court ruled that it was admissible, and the traverser excepted to the ruling and took an appeal. The appellant contends that the evidence was not relevant to the issue, because he was indicted for selling a lottery ticket, and, coming into Court to defend himself against this charge, had to encounter evidence tending to show that he had committed another and a different offence. In other words he assumes that the sale of slips of paper commonly known as policies is not the sale of lottery tickets. And he relies on the case of *Stewart vs. State,* 62 *Md.,* 412, as authority in support of this assumption. But there is an apparent distinction between the case referred to and that presented by this record. In *Stewart vs. State* the indictment charged the traverser with stealing "certain promissory notes for the payment of money." The State offered in evidence a " silver certificate," and this Court decided that a "silver certificate" issued by the United States is not a promissory note within the meaning of section 101, of Article 30 of the Code. But in this case we are relieved from the

difficulty of construction, as the legislative enactment, in unambiguous terms, clearly indicates how the statute shall be construed. Sec. 171, Article 72, of the Revised Code reads thus:

"The Courts shall construe the foregoing provisions relating to lotteries liberally, and shall adjudge all tickets, parts of tickets, certificates, or any other device whatsoever by which money or any other thing is to be paid or delivered on the happening of any event or contingency in the nature of a lottery, to be lottery tickets."

It is plainly apparent, from the statutory provision thus transcribed, that it is the duty of this Court to decide that any device whatsoever, by which money or any other thing is to be paid or delivered on the happening of any event or contingency in the nature of a lottery, to be a lottery ticket.

The traverser was indicted for selling a lottery ticket. The proof offered was that he had sold to the person named in the indictment pieces of paper commonly known as "policies," which entitled the purchaser to receive money on the happening of a certain contingency dependent upon the drawing of numbers in a lottery. The Code designates any such device as a lottery ticket. It is so declared to be by statute. The evidence offered was therefore relevant to the issue and admissible. As the Court below committed no error in the ruling which forms the foundation for this appeal, its ruling should be affirmed.

*Ruling affirmed, and*
*cause remanded.*

(Decided 16th December, 1887.)