ADAM BODE *vs.* THE STATE OF MARYLAND.—*Dec'r 1848.*

The act of 1847, ch. 193, prohibiting the sale of spirituous liquors on the Sabbath day, was intended to embrace only the licensed tavern keepers, and the licensed retailers of the liquors and cordials therein designated.

This act has no application to the importer, who is authorised to sell spirituous liquors in the form in which they were imported, without obtaining a license from the State of *Maryland*, by force of the constitution of the *United States*, as expounded in the case of *Brown vs. The State of Maryland*, 12 *Wheat.*, 419.

Bode *vs.* The State .—1848.

The right of the State to impose the limitations and prohibitions contained in the act of 1847, upon the class of persons intended to be embraced by it, cannot be doubted.

An indictment founded upon this act will be defective, unless it describe the party accused, as a licensed tavern keeper or a licensed retailer of spirituous liquors, they being the class of persons, upon whom alone, the provisions of the act were designed to operate.

To carry into effect the intention of the legislature in framing this statute, and to enable the courts of criminal jurisdiction to execute its provisions, it is necessary to incorporate into it, by interpretation, the terms, "licensed tavern keepers, and licensed retailers."

Where a statute contains an exception, so incorporated with its enacting clause that the one cannot be read without the other, the rule of pleading is, that the indictment must negative the exception ; but where, after general words of prohibition, an exception is created in a subsequent clause or section, it must be interposed by the accused as a matter of defence.

But this rule has no application to an indictment under the act of 1847. That act, by its true construction, being confined and limited, in its character and prohibitions, to a designated class, there are no exceptions to be negatived, or to be pleaded by the accused, as a matter of defence.

The provisions of this act, with respect to the forfeiture of the license of the party convicted a second time for the same offence, clearly establishes the necessity of incorporating into the indictment a description of the party charged.

ERROR to *Baltimore* city court.

The plaintiff in error, (the traverser below,) was indicted under the act of 1847, ch. 193, for selling spirituous liquors on the Sabbath day, in the form following, to wit :

"State of MARYLAND—*City of Baltimore to wit:* The jurors of the State of *Maryland,* for the body of the city of *Baltimore,* do, on their oaths, present, that *Adam Bode,* late of said city, yeoman, on the tenth day of September, in the year of our Lord eighteen hundred and forty-eight, the same day in the year aforesaid being the Sabbath day, commonly called Sunday, with force and arms at the city aforesaid, unlawfully did sell spirituous liquors to a person to the jurors aforesaid unknown, contrary to the form of the act of Assembly, in such case made and provided, and against the peace, government and dignity of the State. And the jurors aforesaid upon their oaths aforesaid, do further present, that the said *Adam Bode,* on the said tenth day of September, in the year

Bode *vs.* The State.—1848.

of our Lord eighteen hundred and forty-eight, the same day in the year aforesaid being the Sabbath day, commonly called Sunday, with force and arms, at the city of *Baltimore* aforesaid, unlawfully did dispose of spirituous liquor to a person to the jurors aforesaid unknown, contrary to the form of the act of Assembly in such case made and provided, and against the peace, government and dignity of the State."

The traverser demurred to this indictment, but the court overruled his demurrer, convicted him of the offence, and adjudged and imposed a fine of $20 and costs.  To review this judgment, the writ of error in this case was sued out by the traverser.

The cause was argued before DORSEY, C. J., SPENCE, MARTIN, and FRICK, J.

By JOHN NELSON and REVERDY JOHNSON, for the plaintiff in error, and

By GEORGE R. RICHARDSON, Attorney General, for the defendant in error.

MARTIN, J., delivered the opinion of this court.

This is a writ of error directed to the city court of *Balti-more*, and brings before us the judgment of that court rendered against the plaintiff in error, upon an indictment, for violating the act of the legislature of *Maryland*, of 1847, ch. 193.

By the *first* section of this act, it is declared:

" That it shall not be lawful for any person or persons within this State, to sell, dispose of, or barter any spirituous or fermented liquors or cordials of any kind, or in any quantity whatever, on the Sabbath day, usually called Sunday, and any person or persons violating the provisions of this act shall be liable to indictment in any court of this State, having criminal jurisdiction ; and upon conviction thereof shall be fined a sum not less than twenty dollars, nor more than one hundred dollars, at the discretion of the court, for the first offence, and if convicted a second time for a like offence the license of the person or persons so offending, shall be declared null and void by the judge of said court."

And by the *second* section, it is provided ;

" That it shall be the duty of the treasurer of the State, or such other person, whose duty it is to have the tavern licenses prepared, to have inserted in said licenses a clause, specially excepting the Sabbath day from the operation of said licenses."

It is perceived from an examination of this statute, that by the terms of the first section the judge, before whom the case is tried, is required, upon a conviction for a second offence, to forfeit the *license* of the party offending ; and by the second section, it is made necessary to incorporate into a tavern license a clause excepting from its operations, the Sabbath day; and it is perfectly apparent, from the character of these provisions, that the act only intended to embrace the licensed tavern keep- or, and the licensed retailer of the liquors and cordials therein designated.

The act upon which this indictment was founded has no ap- plication to the importer, who is authorized to sell spirituous li- quors in the form in which they were imported, without ob- taining a license from the State of *Maryland*, by force of the constitution of the *United States*, as expounded in the case of *Brown* against the State of *Maryland*, 12, *Wheat.*, 419. And the point raised in the argument of the cause, with respect to the right of the State in the exercise of its police power, to re- strain the importer from a desecration of the Sabbath, by an exhibition of his merchandize for sale on that day, has there- fore become a mere abstract and speculative question, upon which it does not become this court to express an opinion. The probability is, that a question of this character will never be pre- sented for the adjudication of the judicial tribunals of the country.

The right of the State to impose the limitations and prohibi- tions contained in the act of 1847, upon the class of persons intended to be embraced by it, cannot be doubted; and the only question to be decided by the court, is that which relates to the sufficiency of the indictment, in point of form, to autho- rise the judgment rendered by the court below, against the plaintiff in error.

The indictment contains two counts. The first, charges that the defendant unlawfully *sold* spirituous liquors on Sun-

42    v.7

day, contrary to the form of the act of Assembly; and the allegation in the second is, that the traverser unlawfully disposed of spiritous liquors on the Sabbath day, to persons unknown, &c. But in neither count, is there to be found an averment, that the plaintiff in error was at the time of the sale of the liquors in question, a tavern keeper or licensed retailer, and his counsel have insisted, that the indictment is in this respect defective, because it should have appeared on its face, that the party accused, belonged to that class of persons, upon whom alone, the provisions of the act were designed to operate.

The indictment is, we think, open to this objection. The point indeed has already been determined by the construction we have placed upon the act, under which this defendant was indicted. We have said, that according to the correct exposition of that act, it must be regarded as embracing only licensed tavern keepers and licensed retailers, and assuming this to be its true interpretation, it is perfectly clear upon the settled principles of pleading in criminal cases, that it was incumbent on the State, to bring the party charged within the purview of the statute, by a positive averment that he belonged to that class of persons, who only were restrained from selling upon the Sabbath, and against whom alone the penalties and forfeitures provided by the act, in case of its violation, were intended to be denounced. To carry into effect the intention of the legislature in framing this statute, and to enable the courts of criminal jurisdiction to execute its provisions, it is necessary to incorporate into it, by interpretation, the terms "licensed tavern keepers and licensed retailers." The act is therefore to be read as if the words were, "that it shall not be lawful for any person within this State, being a *licensed tavern keeper* or *licensed retailer*, to sell," &c.; and treating this to be the true exposition and reading of the act, the proposition is, we think, incontrovertible that the indictment should have contained on its face a distinct allegation, that the traverser was within the class of persons thus described.

In the case of *Spiers vs. Parker*, 1 *Term Rep.*, 141, it was held, "that in an action for a penalty on a statute, the plaintiff must aver a case which brings the defendant within the act."

The rule of pleading in cases, where, after general words of prohibition, exceptions are created in the enacting clause of a statute, or in a subsequent clause or section, is stated with characteristic precision by *Lord Mansfield*, in *Spiers vs. Parker*, already adverted to. He said :

"There is a settled distinction between a proviso in the description of the offence, and a subsequent exemption from the penalty under certain circumstances."

And *Ashhurst, J.,* in the same case, said :

"The rule is, that a man who will bring an action for a penalty on an act of parliament, must shew himself entitled under the enacting clause; but if there be a subsequent exemption, that is a matter of defence."

The same doctrine is announced in the case of *Steel vs. Smith,* cited by the counsel for the defendant in error, 1 *Bar. & Ald.,* 38.

*Bayly, J.,* remarked :—

"I cannot say that the proviso is a part of the same sentence, for if it had been omitted, the preceding sentence would have been entire. I admit that where there is an exception so incorporated with the enacting clause, that the one cannot be read without the other, there the exception must be negatived."

*Lord Ellenborough* held, that it was not necessary for the plaintiff to notice the exception in his declaration.

He said :—

"The sense of the enacting clause is perfectly complete, and the proviso is so distinct, that several sections might have been interposed between that and the enacting clause, without any prejudice to the sense. That there were no words of reference or of virtual incorporation, but this is a distinct and substantive proviso."

The principle enunciated by the cases to which we have been referred, is admitted, but it has no application, we think, to question of pleading raised on this indictment.

You certainly look to the language of the second section of the act, and to the concluding words of the first section, as demonstrative of the intention of the legislature to include within

its provisions only a designated class. But it is not a case where, after general prohibitory words, exemptions are carved out of the statute, either in its enacting clause or in its subsequent clauses.

This act is to be considered on its true construction, as limited in its character and prohibitions. Confined to a prescribed class. There were no exceptions to be negatived by the indictment; and it was not a case of exemption, to be interposed by the accused, as a matter of defence.

If, however, the case could be treated as an *exception* in favor of a particular class of individuals, and analogized to the adjudications on the game laws, and similar statutes, the indictment must have negatived the exception, because the exception would necessarily be incorporated into the enacting clause, as descriptive of the persons who could alone be guilty of violating the law.

The counsel for the defendant in error has contended, that the indictment is to be held sufficient, because the offence is charged in the language of the act. This is the doctrine as announced by the Court of Appeals, in the case of *The State vs. Cassel*, 2 *Har. & Gill*, 410, and in *The State vs. Dent*, 3 *G. & Johns.*, 8. As a general principle, it is unquestionably correct.

But what is the offence created by this statute, as correctly expounded? It is not the sale of spirituous liquors upon the Sabbath. It is the sale of such liquors on that day, by persons who have been licensed to deal in the sale of liquors of this description, in conformity with the laws of the State. The character and qualification of the party charged, is a necessary element in the description of the offence. It is conceded that the offence is properly charged so far as regards the *act done;* the *factum* of the sale, as the words of the statute, have been pursued. But the objection of the counsel for the plaintiff in error to the indictment, is, that the *offender* has not been described. The distinction is manifest. The court is not informed from an inspection of this indictment, that *Adam Bode* is a licensed tavern keeper, or a licensed retailer of spirituous liquors. And the fatal defect is, that the party charged was

not described as a person within the purview of the statute, and capable of perpetrating the prohibited offence.

The necessity of incorporating into the indictment a description of the party charged, is illustrated by the provisions of the act, with respect to the punishment inflicted for this offence.

For the first offence the party is subjected to a fine of not less than twenty nor more than one hundred dollars; but it is provided, "that if he is convicted a second time for a like offence, the license of the person so offending shall be declared null and void by the judge of the court." And it seems to us that it would be impossible for the court to execute this part of the law, unless it appeared upon the face of the indictment, that the party charged was a licensed tavern keeper, or a licensed retailer, and in a predicament, therefore, to be visited with the forfeiture denounced against the commission of a second offence.

It follows from the views thus expressed, that we consider the indictment as defective, and upon that ground reverse the judgment of the city court.

JUDGMENT REVERSED.