STATE OF MARYLAND *v.* EMORY L. COBLENTZ
[No. 25, October Term, 1934]

*Decided November 21st, 1934.*

The cause was argued before BOND, C. J., ADKINS, OFFUTT, and SLOAN, JJ.

*G. C. A. Anderson, Assistant Attorney General,* and *James Clark, State's Attorney for Howard County,* with whom were *Wm. Preston Lane, Jr., Attorney General,* and *Herbert R. O'Conor, State's Attorney for Baltimore City,* on the brief, for the State.

*Leo Weinberg,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

After an acquittal in the Circuit Court for Frederick County, on a charge of violation of the statute, Code, art. 11, sec. 58, similar to that considered by this court in the opinion reported in 164 Md. 558, 166 A. 45, Emory L. Coblentz was indicted by a grand jury of Howard County on another charge, that of having fraudulently signed or assented to a public statement containing untruthful representations of the affairs, assets, or liabilities of the Central Trust Company, with a view to enhance the market value of its shares, or otherwise to accomplish a fraud thereby, an act made a misde-

meanor by the Acts of 1878, ch. 170, now Code, art. 27, sec. 170. The defendant filed a plea in abatement to the indictment on the ground that the grand jury which returned it was unlawfully convened, a demurrer, and a plea of *res judicata* in bar. The demurrer was sustained to the whole indictment, and consequently the indictment quashed and the defendant discharged; and the appeal is from that judgment.

There are twenty counts in the indictment, each charging that the defendant, an officer of the company, a banking corporation, in violation of the law, signed or assented to false public statements of the company's business; and these twenty counts may be grouped into four classes. Five of them charge that the defendant fraudulently signed or assented to the statements with a view to enhancing the market value of the stock and corporate obligations of the bank, all as stated in section 170 of article 27; a second five make the same charge with specification of items falsely stated; a third five charge that the fraudulent signing or assent was for the ulterior purpose of procuring a transfer and assignment of property of another trust company when the defendant knew that the Central Trust Company could not pay in full for it; and a fourth five are the same as the third except that specifications of false items are added. Some of the counts charge that the statements were signed, some that they were assented to, and some of the latter specify the manner of assenting; but no question has arisen from this distinction.

In argument the appellee assumes that the statements referred to were those condensed from reports of items on the books of the corporation, made to the bank commissioner and published in compliance with the provisions of the Code, art. 11, secs. 56 to 58, and the fact that the counts specifying the false items charged contain what are headed, "Condensed Statements," lends color to that assumption, but the source of the figures is not so alleged in the indictment, and is not now before the court.

The counts are framed exactly in the language of the statute, but in sustaining the demurrer the trial court concluded that this was one of the instances in which the words of the statute did not suffice for an indictment. 1 *Wharton, Criminal Procedure* (10th Ed.) secs. 269, 270; *State v. Lassotovitch,* 162 Md. 147, 159 A. 362. The statute in full, Code, art. 27, sec. 170, is: "Any officer or agent whatsoever of any corporation who shall fraudulently sign, or in any other manner assent to any statement or publication, either for the public or the shareholders thereof, containing untruthful representations of its affairs, assets or liabilities with a view either to enhance or depress the market value of the shares therein, or the value of its corporate obligations, or in any other manner to accomplish any fraud thereby, shall be deemed guilty of a misdemeanor, and upon conviction thereof, by indictment in any court of law, shall be fined not less than one thousand dollars nor more than ten thousand dollars, and be imprisoned in jail or penitentiary, or either fined or imprisoned, at the discretion of the court, for not less than six months nor more than three years."

The word "fraudulently," in the statute and in the indictment, was in the view of the trial court susceptible of two meanings, and lacking in the certainty and definiteness requisite in an indictment. Specification of the character of the fraudulent action was considered to be required.

In this court the defendant, appellee, presents further grounds of attack urged in the trial court, which should be considered first. The constitutionality of the statute is questioned because its title on enactment in 1878 failed to meet the requirements of section 29 of article 3 of the Constitution. But the statute has been embodied in all of the codes since its original enactment, and the Code of 1888 was a new enactment, sufficient in itself, and without dependence for its validity upon the previous enactment. *Reese v. Starner,* 106 Md. 50, 53, 66 A. 443. No section in that Code is open to objection because of any defect in its previous enactment.

The defendant has also questioned the applicability of the particular statute to banking institutions because its provisions never did fittingly apply to statements issued by such institutions, and if they ever did apply, have in that application been superseded by the State Banking Act, Code, art. 11. A bank has no bonds or any other securities of the description of "'obligations," on the market. But it is conceivable that in some situations, and for some purposes, officers and agents of a bank or trust company might find an advantage in manipulating the market values of its stock, and be guilty of the misdemeanor here defined; and this court therefore, agreeing with the trial court, finds it not permissible to restrict the scope of the statute as contended.

A subsequent statute taking over the regulation by law of a given subject, and intended as the complete regulation of it, must have the effect of withdrawing that subject from the application of a former statute, by implication if not by express repeal to that extent. The Public Service Commission Law, Code, art. 23, secs. 346 to 418, superseded previous statutes on the licensing of ferries in counties. *Bay Ridge Ferry Corp. v. Queen Anne's County*, 160 Md. 398, 405, 153 A. 441. And the Uniform Warehouse Receipts Act of 1910, ch. 406, with its section 52, making a criminal offense of the issuance of duplicate warehouse receipts, superseded a section on that subject in the general criminal article of the Code 1904, art. 27, sec. 194. *State v. Gambrill*, 115 Md. 506, 81 A. 10. And see *State v. Amer. Bonding Co.*, 128 Md. 268, 272, 97 A. 529. The General Banking Act of 1910, chapter 219, with its amendments, all now included in the Code, article 11, expressly, as well as by necessary implication, superseded all previous acts and parts of acts inconsistent with the new provisions; but this court does not find in the mere fact of general regulation a ground for holding the existing section 170 of article 27 repealed. The difficulty on this point if the indictment be taken as referring to statements on the books of the corporation and in the reports made up from

them for the bank commissioner, and for publication under the act, would arise from the fact that section 58 of the act, article 11, under another part of which the previous indictment against this defendant was found, declares it to be a felony for any bank officer to make false statements or entries in the books of the bank or subscribe to or exhibit false papers with intent to deceive the bank commissioner or any person or persons authorized to examine the affairs of the bank. The punishment prescribed is a fine of not more than $5,000, or imprisonment for not more than ten years, or both. So far as the present indictment might prove to be for falsity in the entries referred to in that section, and for the purpose there specified, the older statute, with its different penalties, would not apply; it would be replaced. *State v. Gambrill, supra.* But as has already been stated in this opinion, the court finds no warrant in the record for the assumption that the fraud and deception charged were practiced upon and through the bank commissioner or his examiners, within the purview of section 58 of article 11, and could not hold the indictment demurrable on that ground. It would be necessary, first, that the fact be disclosed in due form.

A contention that, in so far as the indictment is meant to charge fraudulent promotion of the sale or disposition of the company's stock, it could not be based on section 170 of article 27 because the prevention of such frauds has been taken over by the general "Blue Sky Law," Acts 1920, ch. 552, Code, art. 32A, sections 11 to 14, is not upheld, because no repugnant sections are found in the Blue Sky Law, and the general regulation seems not inconsistent with continuation of section 170 of article 27 in force to the extent of its provisions. If under particular circumstances the two sections should conflict, or apply to the same fraudulent effort, the later section might supersede the former.

There are very few exceptions to the rule that the words of a statute creating and defining a crime are sufficient for a charge of committing it. 1 *Wharton, Criminal*

*Procedure* (10th Ed.) secs. 269, 270. That found by the trial court in this case was an exception due to a lack in the words of an element essential to criminality, the knowledge of falsity in the representations put out. In indictments for the closely similar crime of obtaining money or property by false pretenses, which in its modern extended scope is mainly statutory, it is usual to insert an averment of knowledge that the false pretenses were false. It would often be necessary to a statement of criminality. Code, art. 27, secs. 139-149, and 555; *Jules v. State,* 85 Md. 305, 307, 36 A. 1027; *State v. Edwards,* 124 Md. 592, 594, 92 A. 1037; *Schaumloeffel v. State,* 102 Md. 470, 471, 62 A. 803; 1 *Wharton, Criminal Procedure* (10th Ed.) sec. 210; *People v. Fitzgerald,* 92 Mich. 328, 331, 52 N. W. 726; *People v. Spiegel,* 143 N. Y. 107, 38 N. E. 284; *Rex. v. Philpotts,* 1 Car. & K. *Reg. v. Keighley,* 7 Cox C. C. 217. In *Bosco v. State,* 157 Md. 407, 146 A. 238, however, an indictment in the words of a statute for bribery of a justice of the peace was held good without an averment that the accused knew the official character of the justice. In *Dickhaut v. State,* 85 Md. 451, 37 A. 21, again it was held that while, under a statute prohibiting possession of game during a closed season, it was essential to conviction to prove that game possessed by the accused had been shot in this state, an indictment in the words of the statute which omitted that qualification was nevertheless sufficient. And see *Cearfoss v. State,* 42 Md. 403. The statutory words have in decisions of this court, we think, been more constantly accepted as sufficient than in decisions of some other courts. As the decisions just cited illustrate, the fact that the words may leave unspecified one or more essential elements of the crime has not always been regarded as laying the indictments open to objection on demurrer. The words must be sufficient to meet the practical needs which an indictment is intended to supply, but if those needs are met, the rule holds, and the words of the statute are sufficient. In this instance the practical needs seem to this court to be met.

The charge is one of fraudulent complicity in an effort to deceive and defraud by signing or assenting to the issue of false statements to accomplish a specific purpose. That seems to the court to imply, of necessity, a knowledge that there were false representations contained in the statements to be used to accomplish the fraud. The conscious purpose to deceive with falsehood, in other words, would seem to involve actual knowledge of the falsity. Compare 1 *Wharton, Criminal Procedure* (10th Ed.) sec. 210. If, under circumstances which the court cannot now foresee, guilt of this crime without the actual knowledge of the falsehood should be possible, the court still would be of opinion that the risk of failure to fulfill some of the practical purposes of an indictment from the words as they are would be too small to justify departure from the general rule of acceptance of the statutory words. See Act of Extraordinary Session of 1933, ch. 98. On this point we disagree with the conclusion reached by the trial court, and for that reason find it necessary to reverse the judgment and remand the case for further proceedings.

Of the decision in *State v. Page,* 163 Md. 505, 163 A. 493, cited as at variance with this conclusion, in that general words characterizing the acts complained of were found in that case insufficient because lacking in definiteness and certainty, it need only be said that the offense there charged was not a statutory one, and it was considered that no crime was alleged so long as the meaning and application of those words were not stated.

The trial court struck out of the present indictment those counts which were identical with others except that those others specified the false items; and this court concurs in that action.

The court does not find in other contentions advanced by the appellee anything to obviate the necessity of remanding the case for further proceedings. The plea in abatement, a demurrer to which by the State was sustained, averred that the grand jury which returned the indictment was a grand jury selected for a term of court

which had expired, and that it had been discharged and then convened for consideration of this case. This was done under the provision in section 23 of article 51 of the Code for recalling a discharged grand jury when, "by reason of any event or events happening before or after said final discharge, any criminal charge shall arise which the said court shall deem of sufficient importance to be investigated forthwith by the grand jury and to be tried by a petit jury." The order of court for the recall did not recite that such a situation existed, and the argument made is that this was a jurisdictional fact which must have been recited. There is no question of jurisdiction of a court of inferior or special jurisdiction. Concurring in this with the trial court, we see no ground for requiring the recital.

The plea of *res judicata* refers to the acquittal of the defendant on the charge, under section 58 of article 11 of the Code, of accepting a deposit when to his knowledge the institution was insolvent, the charge considered in the opinion in 164 Md. 558, 166 A. 45. The trial court has not ruled on this plea.

No other objections to the indictment or to any of its counts have been presented.

*Judgment reversed, and case remanded, with costs to the appellant.*

ADKINS, J., dissents.