## LANO *v.* STATE

[No. 41, October Term, 1950.]

364

Decided December 8, 1950.

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Nicholas J. Chase*, with whom were *Thomas Elmo Jones* and *Edw. Bennett Williams* on the brief, for appellant.

*Kenneth C. Proctor, Assistant Attorney General* with whom were *Hall Hammond, Attorney General, A. Gwynn Bowie, State's Attorney for Prince George's County, H. Winship Wheatley, Jr., Special Assistant State's Attorney* on the brief, for appellee.

GRASON, J., delivered the opinion of the Court.

The Grand Jury for Prince George's County returned an indictment against Sam Lano (appellant). It contained two counts. The first count was based on section 585, and the second count on section 586 of Article 27 of the Code (1939). The indictment was demurred to generally and to each count thereof, which demurrer was overruled. The cases went to trial on a plea of not guilty before the court; the traverser was found not guilty on the first count but guilty on the second count, and from the judgment and sentence imposed, the case was appealed to this court (No. 173 October Term, 1949) and the judgment was affirmed with costs. 195 Md. 359, 73 A. 2d 222.

Thereafter, a motion for reargument was filed under Rule 43 of this court, and granted. We were concerned with the pleadings, and indicated our intention to limit the reargument accordingly, that is to say, we wanted to hear the question of whether the second count of the indictment was drawn in the language of the Code provision. As the traverser was found not guilty on the first count, we do not have to consider that count. The question before us, now, and the sole question, is whether or not the substance of section 586 is properly contained in the second count.

When case No. 173 was argued before this court, counsel for the appellant stated that the second count was laid in the words of the section, and the opinion previously filed assumed that such was the case and did not consider the question now before the court, but assumed that this count was drawn and laid in the words of section 586 of Article 27. We will consider whether the second count is demurrable, and that is the only question that will be considered in this opinion.

The second count is as follows: "And the Jurors aforesaid, upon their oath aforesaid, do further present that the said Sam Lano on the said day, in the said year, at the County aforesaid, with the intent to procure profit from the operation of certain coin operated devices in the County aforesaid, unlawfully did then and there threaten to accuse the said John Duffy of the crime of having obtained money by means of a false pretense."

Section 586 is as follows: "Any person who with intent to extort money or procure other profit shall falsely accuse or threaten to accuse another of any crime, or of anything which if the accusation were true would tend to bring him into contempt or disrepute, shall be deemed guilty of a misdemeanor, * * *."

This case does not involve a statute which in its enacting clause contains matters which are integrated with the act denounced as a crime. Neither does it involve a statute which after denouncing an act contains a proviso making exception thereto. The law applicable

to indictments drawn under such statutes is fully covered in the case of *State v. Coblentz,* 167 Md. 523, 175 A. 340. In that case Chief Judge Bond said that the general rule of criminal pleading was that if an indictment was laid in the language of the law denouncing the act, it was sufficient, and to this general rule there were few exceptions. We followed the *Coblentz* case in the opinion heretofore filed in this case, 195 Md. 359, 73 A. 2d 222.

At the first argument of this case counsel for the appellant, in his brief admitted that the indictment was laid in the language of the said section of the Code, and, of course, had that been so the count would have been good. This court assumed on the basis of this admission that the language of the second count was laid in the language of the section. On the reargument it is contended that such is not the case.

The section denounces as a crime, the false accusation or threatened accusation of any crime which tends to bring the victim into contempt or disrepute, as a means of extorting money or other profit. The section is clear and unambiguous and needs no construction. The count charged that the traverser *unlawfully* did then and there threaten to accuse the said John Duffy of the crime of having obtained money by means of a false pretense. Section 586 of the Code contains two elements: 1. the accusation or the threatened accusation of a crime for the purpose of extortion, and 2. that the accusation or threatened accusation is false. The count did not charge that the accusation made by the traverser to John Duffy was false, hence it fails to allege one of the essentials of the crime denounced by the section. It is contended by the State that the word "unlawfully" used in the count comprehends the word "falsely" which the section contains. With this we do not agree. This court said, in *Bode v. State,* 7 Gill 326, at page 330: "In the case of *Spiers v. Parker,* 1 Term Rep., 141, it was held, 'that in an action for a penalty on a statute, the plaintiff must aver a case which brings the defendant within the Act.'"

In *Rawlings v. State,* 2 Md. 201, at page 212, it is stated: "But then it is said that the State having undertaken to set out this exception in the statute, must do so truly. It is not every misrecital that is fatal. The mistake must be in something material to the plaintiff's case. In *Shaftsbury v. Digby,* 2 Mod. 99, it is said, 'if a party undertakes to recite a statute, and mistakes in a material point, it is incurable; * * *.' "

In 27 *Am. Jur.,* sec. 98, page 658, it is said: "As stated above, it is not necessary, in charging a statutory offense, to allege criminal intent, or criminal knowledge or scienter, where the statute does not make them essential ingredients of the offense denounced; nor is it necessary to use 'unlawfully', 'feloniously', or like, technical words which are commonly regarded as indispensable at common law, *where the statute does not include such words as elements of the description of the offense."* (Italics supplied.)

The threat in this case to extort is not in itself a crime under the section. For if, forsooth, the threat was true it is not denounced by this section. It is the falseness of such a threat that makes the threat a crime under the statute. It is this element of falseness that makes the threat a crime, and is the beginning and end of the crime denounced. And when the pleader charges that the threat was unlawfully made, and thus fails to follow a material element of the crime set out in the section of the Code upon which the count is based, he in fact states no crime at all, because he fails to state the very thing which under the statute rendered the threat a crime, to wit, that the threat was false. For this reason the count was fatally defective.

In *Bosco v. State,* 157 Md. 407, 146 A. 238, Bosco was indicted for attempting to bribe a justice of the peace. It was contended, on demurrer, that where the statute which punishes an offense does not set forth all the elements necessary to constitute the offense, an indictment laid in the mere words of the statute is not sufficient in law; it must charge all the elements of the offense.

It was urged that knowledge on the part of the defendant of the official character of him to whom the bribe was offered was an essential element of the crime of bribery, and that the indictment in the case did not allege such knowledge and consequently was fatally defective. It was contended that inasmuch as it was not charged in the indictment that Bosco knew the bribe was made to a justice of the peace, that the demurrer should have been sustained. In that case the statute implied "guilty knowledge", and hence it was not necessary to allege the scienter. The indictment followed the language of the statute and hence the general rule applied.

We hold that this indictment cannot be sustained under the general rule referred to in the *Coblentz* case, and in the first opinion in this case, inasmuch as the recital in the indictment does not charge the crime created by the statute. The word "unlawful" does not in itself embrace the elements of either a statutory or common law crime. If it were otherwise, the word "unlawfully" could be used in an indictment to smother all elements of the crime charged. Accordingly, the demurrer which went to the count of the indictment in question should have been sustained.

*Judgment reversed and case remanded.*