# LANO *v.* STATE

[No. 173, October Term, 1949.]

*Decided May 11, 1950.*

*Motion for rehearing filed June 8, 1950.*

*Motion for rehearing granted June 14, 1950 and appeal continued to No. 41, October Term, 1950.*

*Opinion in No. 41, October Term, 1950, filed December 8, 1950. Judgment reversed and case remanded.*■

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

Submitted on brief by *J. F. Lillard* and *Ignatius J. Keane,* for appellant.

*Kenneth C. Proctor, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General, A. Gwynn Bowie, State's Attorney for Prince George County,* and *H. Winship Wheatley, Jr., Special Assistant to State's Attorney,* on the brief, for appellee.

MARBURY, C. J., delivered the opinion of the Court.

The appellant was indicted in Prince George's County on two counts, the first under Section 585 of Article 27 of the Code and the second under Section 586. He demurred to the indictment, and to each count. The demurrer was overruled. Thereafter, he was tried before the court, was found not guilty on the first count, and guilty on the second count, and was sentenced to serve

a year in the Maryland House of Correction. He appeals from the judgment and sentence. The basis of his appeal is that the demurrer should have been sustained.

As he was found not guilty on the first count, we are not here concerned with that. Section 586, on which the second count was based reads as follows:

"Any person who with intent to extort money or procure other profit shall falsely accuse or threaten to accuse another of any crime, or of anything which if the accusation were true would tend to bring him into contempt or disrepute, shall be deemed guilty of a misdemeanor, punishable by imprisonment in jail or the house of correction not exceeding two years."

The second count in the indictment, which appellant admits is laid in the words of the statute is as follows: "And the Jurors aforesaid, upon their oath aforesaid, do further present that the said Sam Lano on the said day, in the said year, at the County aforesaid, with the intent to procure profit from the operation of certain coin operated devices in the County aforesaid unlawfully did then and there threaten to accuse the said John Duffy of the crime of having obtained money by means of a false pretense * * *."

Appellant contends that this count fails to notify the defendant what kind of profit he is accused of seeking, what kind of coin operated devices are meant, or who they belong to, or any of the particulars of the alleged crime of obtaining money by means of false pretenses with which he is charged to have threatened to accuse the defendant. It has been many times held in this State, that where an indictment is for a statutory offense it is sufficient if the language of the statute is followed and the indictment is sufficiently specific to inform the accused of the particular charge on which he is to be tried. And speaking of this rule Chief Judge Bond, in the case of *State v. Coblentz,* 167 Md. 523, 528-529, 175 A. 340, 343, said "There are very few exceptions to the rule that the words of a statute creating and defining a crime are sufficient for a charge of committing it."

And again, "The statutory words have in decisions of this court, we think, been more constantly accepted as sufficient than in decisions of some other courts." And "The words must be sufficient to meet the practical needs which an indictment is intended to supply, but if those needs are met, the rule holds, and the words of the statute are sufficient."

In the case of *State v. Petrushansky*, 183 Md. 67, 36 A. 2d 533, 537, where we held sufficient an indictment for storing alcoholic beverages without a permit, where it did not state that the beverages were held for sale, we referred to the statements made in *State v. Coblentz*, *supra*, and said "An application of these principles to the indictments before us reveals no failure to inform the appellees of the charges against them, no lack of definitions which might cause them again to be in danger of another charge for the same offense, and no special reasons for informing them or the court that they are charged with storing or keeping the whiskey for sale. If they did not have it for sale, that is a matter particularly within their knowledge which they can offer as a defense at the trial. They are not harmed by any failure to allege it, and are made fully aware by the indictments of the statutory offenses with which they are charged." We think these words might be applied to this case. It is not necessary to supply proof in an indictment, nor does the State have to define its allegations beyond the point where the accused is sufficiently informed of the charges and can plead *res judicata* in a subsequent trial. All things necessary to be proved are not necessary to be alleged.

Appellant contends that in the case of *Armacost v. State*, 133 Md. 289, 105 A. 147, which was an indictment for obtaining "credits, goods and wares" by means of false pretenses, the indictment was held demurrable although in the language of the statute, because it was silent as to the nature or ownership of the credits, goods and wares. In the case before us appellant was not charged with the crime of false pretenses. He was

charged with threatening the accused, Duffy, of false pretenses. The false pretense was incidental to the crime of extortion, and did not have to be particularized in the manner required in *Armacost v. State, supra.*

We think the second count to the indictment was good and that the demurrer to it was properly overruled.

*Judgment affirmed with costs.*