## ROBBINS *v.* STATE

[No. 126, October Term, 1951.]

564

*Decided April 2, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*V. Calvin Trice* for the appellant.

*Kenneth C. Proctor, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General,* and *Calvin L. Brinsfield, State's Attorney for Dorchester County,* on the brief, for the appellee.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from conviction and sentence for violation of sections 234 and 235 of Article 43 of the Code, as amended by Chapter 590 of the Acts of 1949, by canning and preparing canned tomatoes which contained [added] water. The prosecution was begun by a warrant issued by a trial magistrate. Appellant prayed a jury trial and was found guilty by a jury in the circuit court. Code, Art. 52, sec. 13. The judgment on the verdict is appealable to this court. Code, 1947 Supp., Art. 52, sec. 13A.

The record contains no evidence or proceedings except the warrant and a motion to dismiss the warrant, which was denied. The motion seems to be regarded by the parties as equivalent to a motion to dismiss an indictment, which has supplanted a demurrer. *Criminal Rules of Practice and Procedure*, Rule 3. We assume, without deciding, that the case may be presented on appeal in this way. As appellant's only contention is that the Act of 1949 repealed the only statutory provision which made the offense charged a crime, the motion to dismiss seems to be a convenient way to present this contention.

The warrant charges that appellant in 1950 "did unlawfully can and prepare certain * * * canned tomatoes, that did contain more than only juice or juices from other sound tomatoes, to wit, water, in violation of * * * sections 234 and 235, Article 43, * * * as enacted by Chapter 590, Acts of 1949."

Sections 234 and 235, and also 236-238, originated in Chapter 408 of the Acts of 1920. Until 1949, section 234 provided, "234. On and after June 1, 1920, it shall be unlawful for any person, firm or corporation to can or prepare in any way at any factory or plant of any kind in this State, any tomatoes or tomatoes with puree with which there is used or introduced into the can any liquid substance of any kind whatever except the juice or juices arising from the said tomatoes themselves after they have been properly peeled, trimmed, cored and prepared for canning as food." As amended by the

Act of 1949, section 234 provided, "234. It shall be lawful for any person, firm or corporation to can or prepare in any way at any plant or factory of any kind in this State, tomatoes with the juice or juices arising from the said tomatoes themselves after they have been properly peeled, trimmed, cored and prepared for canning as food, or in their discretion, to can or prepare in any way tomatoes with tomato juice or juices only from other sound tomatoes, provided appropriate label declarations as required by Federal Regulations are attached to such cans." Section 235 provided, "235. It shall be unlawful for any person, firm or corporation to can or prepare in any way any goods or vegetable product purporting to be canned tomatoes [or canned tomatoes with puree] *to which may be added tomato juice or juices only from other sound tomatoes,* or having anything on the label or advertised in any way likely to deceive prospective customers with believing that they are canned tomatoes [or canned tomatoes with puree] *to which may be added tomato juice or juices only from other sound tomatoes,* except in accordance with the provisions of the preceding section." (Bracketed words omitted, italicized words added, in 1949.)

A hasty reading may suggest that the Act of 1949 repealed the provision of section 234 which forbade "watering" canned tomatoes, viz., the provision that "it shall be unlawful * * * to can or prepare * * * any tomatoes * * * with which there is used or introduced into the can any liquid substance * * * except the * * * juices * * * from the * * * tomatoes themselves." A careful reading at once dispels any such impression. The Act of 1949 made only two changes in section 234, one a change in substance, the other a change in form, viz., (1) it made it lawful to add "juices only from other sound tomatoes"; (2) it stated what should be lawful instead of what should be unlawful, with no change in substance except the change first mentioned. Meanwhile no change was made in section 235, except insertion of the words "*to which may be added tomato juice*

or juices only from other sound tomatoes". The formal changes in section 234 changed the relation of section 235 to section 234, but made no substantial change other than the one made in both sections 234 and 235. Both before and since 1949, section 235 made it unlawful to can tomatoes "except in accordance with the provisions of [section 234]". Before 1949 "in accordance with section 234" meant "in a manner not made unlawful by section 234"; since 1949 it meant "in the manner made lawful by section 234". Both before and since 1949, section 235 meant the same thing, except that since 1949 it was lawful to add juices from other sound tomatoes. Both before and since 1949 it was unlawful to add water. Before 1949 this was forbidden both by section 234 and by section 235; since 1949 it was forbidden by section 235, including by reference section 234.

The warrant charges all the elements of the statutory offense in substantially the language of the statute, *i. e.*, section 235 and section 234 (as incorporated by reference in section 235). This is sufficient. *Lano v. State,* 195 Md. 359, 363, 73 A. 2d 222, 77 A. 2d 125. The motion to dismiss was properly denied.

By Chapter 370 of the Acts of 1951 sections 234 and 235 were again amended so as to express, in the form of the Act of 1920, the intent of the Act of 1949. This Act of 1951 should remove any doubt which led to the appeal in the instant case; it apparently did not change the law.

*Judgment affirmed, with costs.*