UNITED STATES *v.* WARDELL *et al.*

(*Circuit Court, E. D. New York.* April 6, 1892.)

1. OFFENSES AGAINST ELECTION LAW—INDICTMENT—VAGUENESS.
   An indictment under Rev. St. U. S. § 5522, for interfering with a deputy-marshal at a congressional election while "acting and performing the duties required of him, and which he was then and there authorized to perform by the laws of the United States," should be quashed for indefiniteness, although stated in the very words of the statute, since a statement of what duties he was performing is of the substance of the offense and material to its description.

2. SAME.
   An indictment will be quashed only when it is very grossly bad.

At Law. Indictment of Sivil Wardell *et al.* for interfering with a United States deputy-marshal in the discharge of his duties at an election for congress. Indictment quashed.

*Jesse Johnson*, U. S. Atty.

*A. H. Wilbur*, for respondents.

WHEELER, District Judge. This cause has been heard upon a motion, allowed by discretion, to quash an indictment upon section 5522 of the Revised Statutes, for, at a poll of election for representatives in congress, molesting, interfering with, striking, beating, wounding, and rescuing a person from the lawful custody of a special deputy-marshal while "acting and performing the duties required of him, and which he was then and there authorized to perform by the laws of said United States," and by the provisions of title "The Elective Franchise of the Revised Statutes." Point is made as to how far such a motion will reach. In *The King* v. *Wheatley*, 1 W. Bl. 273, Lord MANSFIELD said: "If any distinction is made between quashing and arresting judgment, that of quashing is the strongest way; because the indictment must be very grossly bad to have the court quash it at once." *Rex* v. *Sarmon*, 1 Burrows, 516; *Rex* v. *Weston*, 1 Strange, 623; STORY, J., *U. S.* v. *Gooding*, 12 Wheat. 478; *State* v. *Stewart*, 59 Vt. 273, 9 Atl. Rep. 559. This statute is general, and makes the acts charged punishable only when done to a marshal, "in the performance of any duty required" of him, or which he "may be authorized to perform by a law of the United States." Being in the performance of some of these duties was of the substance of the offense, and very material to its description. Those prescribed in the title referred to, section 2022, as well as elsewhere, are many and various; that the special deputy-marshal was in any manner in the performance of any of them is not in any way alleged but in the words quoted. When an offense is specifically described in a statute an indictment in the words of the statute is sufficient; but, when the statute is more general than is allowable in an indictment, the description must be so much the more specific than the statute. *U. S.* v. *Carll*, 105 U. S. 611. In *U. S.* v. *Cruikshank*, 92 U. S. 542, on motion in arrest, the indictment, on the statute against conspiring to prevent or hinder the free exercise and enjoyment of any right or privilege granted or secured by the constitution or laws of the United States, charged an intent to hinder and prevent the free exercise and enjoyment of "every, each, all and singular," such rights. This was held not to be sufficient to charge any offense within the statute. That case seems to govern this. The generality of the allegation of the right or privilege hindered or prevented from there was the same as that of the duties being performed here. So was that of the scheme to defraud in *U. S.* v. *Hess*, 124 U. S. 483, 8 Sup. Ct. Rep. 571. As this indictment does not charge any offense, it would not only be bad on motion in arrest, but is so on this motion. It may as well be quashed before trial as to have judgment arrested on it after.

Motion granted.