# JAMES A. MULKERN

## *vs.*

# STATE OF MARYLAND.

*Indictments: sufficiency; essential facts; statutory offenses.*
*Liquor laws: Chapter* 179 *of the Acts of* 1908.

All the essential elements necessary to constitute the offense charged must be stated in the indictment.                    p. 43

Where an indictment is framed under a section of a statute, it must charge the traverser with the statutory offense created and defined by that section.                    p. 43

In order to be able to convict a traverser for the sale or giving away of liquor in violation of section 10 of Chapter 179 of the Acts of 1908, it must be alleged in the indictment that the liquor was sold or given away "at the traverser's" *place of business.*                    p. 44

*Decided November 11th, 1915.*

Appeal from the Circuit Court for Baltimore County. (DUNCAN, J.)

The facts are stated in the opinion of the Court.

The cause was submitted to Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*Elmer J. Cook* and *Wm. H. Lawrence* submitted a brief for the appellant.

*Edgar Allan Poe, the Attorney-General,* and *George Hartman, State's Attorney for Baltimore County,* submitted a brief for the State.

Burke, J., delivered the opinion of the Court.

The Act of 1908, Chapter 179, made provisions for the regulation of the sale and the granting of licenses for the sale of spirituous and fermented liquors in Baltimore County. The Act, after declaring how and upon what conditions the license might be granted, provided, among other things, in section 10, "That no person having a license under the provisions of this Act shall sell or give away any spirituous or fermented liquors * * * *at his place of business* between the hours of twelve o'clock midnight and five o'clock A. M. at any time."

The appellant, James A. Mulkern, had been granted a license under the provisions of this Act to sell spirituous and fermented liquors in Baltimore County. He was indicted under section 10 of the Act for having violated the provisions quoted above. The indictment contained two counts. The first count, after alleging the jurisdiction and that the traverser was a licensed dealer under the Act, charged that he "unlawfully did sell a certain William D. LeFevre a certain quantity of fermented liquor, to wit: beer, between the hours of twelve o'clock midnight and five o'clock A. M., contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State." The second count was identical with the first

with the exception that it charged that he gave away the beer. The appellant demurred to the indictment. The demurrer was overruled. He then pleaded not guilty, and upon the issue joined upon this plea he was tried by a jury, was found guilty, and adjudged to pay a fine of $200 and costs. From this judgment he has prosecuted this appeal.

The single question is this: Does the indictment charge the appellant with an offense within the terms of section 10 of the Act of 1908, Chapter 179? The indictment was framed upon that section, and to be valid it must charge the traverser with the statutory offense created and defined by the section. The offense created by the section is the sale or giving away by the licensee, *at his place of business,* spirituous and fermented liquors during the prohibited hours mentioned. It is not a violation of *this section* of the Act for a licensee to sell or give away in Baltimore County spirituous or fermented liquors at a place other than his place of business at any time or during any hour. For such an act he would doubtless be indictable, but the indictment must be framed under a different section of the Act. The indictment omits to state a fact essential to be found before there could be a conviction for the offense created by the section under which the indictment was framed, viz., that the fermented liquor was sold, or given away at the traverser's *place of business.* This being an essential fact or element to constitute the offense it was necessary to allege it in the indictment, and the omission of that allegation rendered the indictment fatally defective. It did not describe the offense created by the statute. The rule of pleading applicable to indictments for statutory crimes is thus stated in 10 *Ency. Pl. & Prac.* 483 to 486: "While it is essential that all the facts constituting an offense must be so stated as to bring the defendant precisely within the law, it is a rule of universal application that when a statute creates an offense and sets out the facts which constitute it, the offense may be sufficiently charged in the language of the statute. In some cases, it has been held that the exact language of the statute

must be used in charging an offense which is defined by statute, but the prevailing doctrine is that although every ingredient of the offense described must be set out, it is not necessary to use the exact language of the statute, words of equivalent import being sufficient, and it is enough substantially to charge the offense denounced in the statute. It is said, however, to be the more usual and the safer practice to pursue the exact language of the statute, because it is not likely that more apt and appropriate expressions can be employed to convey the meaning of the Legislature than the words which the Legislature itself employed for that purpose." In a note to this statement of the rule it is said that: "This rule is so well known and universally accepted as hardly to require citation of authorities to support it; and while the reader will find the statement well fortified with cases under the treatment of each specific offense in the criminal law in this work, the following cases announcing the general proposition, as stated in the text, are selected from the great mass for reference in connection with variations of the principle hereinafter to be stated."

Numerous cases in 25 States, including Maryland, are cited in support of the rule.

There is nothing in the case of *Mitchell* v. *State,* 115 Md. 360, in conflict with the conclusion we have here announced. In that case the Court was dealing with the Act of 1908, Chapter 27, which in express terms prohibited the sale of spirituous, fermented and intoxicating liquors within the limits of Worcester County. The Court held that, upon a proper construction of the statute that: "The use of the words in the statute, 'to give away or otherwise dispose of it at a place of business,' was not intended to allow the sale of intoxicating liquors in the county at other places than 'a place of business,' but they were inserted for the purpose of enlarging the prohibition, and making it unlawful, to give or otherwise dispose of it, under any other circumstances and conditions, at a place of business, than those previously named in

the statute. It was not, therefore, necessary to allege, that the sale was made 'at a place of business,' conducted by the traverser, because it was unlawful under the provisions of the statute to sell directly or indirectly spirituous or intoxicating liquors at any place whatsoever within the limits of Worcester County. This is clear both from the title, and the provisions of section 2 of the Act itself."

It is manifest that what was there said can have no application to the Act of 1908, Chapter 179, relating to the sale of spirituous and fermented liquors in Baltimore County, because that Act does not prohibit the sale of liquor in that county by one having a license, and the only prohibition against a licensee selling or giving away liquors during certain specified hours is contained in that portion of section 10 above quoted. As the indictment failed to charge the appellant with the commission of an indictable offense the demurrer should have been sustained, and therefore the judgment in this case must be reversed.

*Judgment reversed.*