## STATE OF MARYLAND

*vs.*

## CARROLL WARFIELD.

*Sufficiency of Indictment—Placing Obstruction on Railroad— Writing "Tract" for "Track"—Writing "the" for "The."*

An indictment under Code, Art. 27, sec. 412, making it a criminal offense to place anything "on any railroad calculated to obstruct, overthrow or direct from the track of such railroad any car, vehicle or carriage," is not defective because it charges the placing of an obstruction on the "tract" of a named railroad company, whether the word "tract" was used intentionally in preparing the indictment, or was a mistake in spelling. ` p. 76

Errors in spelling, which do not obscure the sense, are not fatal. p. 76

An indictment is sufficient if it charges the crime with such certainty and precision that it may be understood without resort to intendments, and all the elements constituting the offense are averred, so that the accused is notified of the precise offense with which he is charged, and he is protected against a second prosecution. p. 77

That, in naming a railroad company, a capital "T" was not used in the word "the," constituting the first word of the corporate name, does not invalidate the indictment. p. 77

*Decided June 28th, 1921.*

Appeal from the Circuit Court for Frederick County (WORTHINGTON and PETER, JJ.).

Carroll Warfield was indicted for placing an obstruction on a railroad track. From a judgment for defendant, the State appeals. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Alexander Armstrong, Attorney General,* with whom was *Aaron R. Anders, State's Attorney for Frederick County,* on the brief, for the State.

*Samuel A. Lewis,* with whom was *Frank L. Stoner* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This is an appeal from a judgment entered on an order sustaining the demurrer to the following indictment:

"State of Maryland, Frederick County, Set.:

"The Grand Jurors of the State of Maryland for the body of Frederick County, upon their oaths do present that Carroll Warfield, late of said county, on the 28th day of March, in the year of our Lord one thousand, nine hundred and twenty, with force and arms, at the county aforesaid did feloniously place upon the tract of the Baltimore and Ohio Railroad Company, a body corporate of the State of Maryland, one piece of iron called an angular bar, one piece of iron called a brake shoe, and one piece of iron bar, calculated to obstruct, overthrow and direct from the track of the Baltimore and Ohio Railroad Company, a body corporate of said State, any car, vehicle or carriage travelling and passing on the track of the Baltimore and Ohio Railroad Company, a body corporate of said State, with intent then and there to obstruct, overthrow and direct from the track of the Baltimore and Ohio Railroad Company, a body corporate of said State, any car, vehicle or carriage travelling and passing on the track of the Baltimore and Ohio Railroad Company, a body corporate of said State of Maryland, and being then and there a railroad company in the said county and State of Maryland then and there, contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State.

"Aaron R. Anders,

"The State's Attorney for Frederick County."

Appellee was indicted under Section 412 of Article 27 of the Criminal Code, which provides as follows:

> "If any person shall place anything, or cause anything to be placed, on any railroad in this State, calculated to obstruct, overthrow or direct from the track of such railroad any car, vehicle or carriage, travelling or passing on such railroad, or shall break or injure in any manner any railroad in this State, with the view or intent to obstruct or overthrow any car, vehicle or carriage, such person so offending shall be deemed guilty of felony, and upon conviction thereof shall be sentenced to the penitentiary for not less than two years nor more than ten years."

The only ground on which it was seriously argued that the indictment was bad, was the use of the word "tract" in the first part thereof.

We think the learned trial court erred in sustaining the demurrer, whether the word "tract" was used intentionally in preparing the indictment or is a mistake in spelling. Where that word occurs it would clearly have been a compliance with the statute if the word "property" or "right of way" had been used, as placing an obstruction upon the *track* is not a necessary element of the offense charged under the statute. These expressions could be used interchangeably without violating any rules of good English or any requirement of the statute. If that were not so, then the only meaning that could be given to the word, in the connection in which it is used, would be *"track,"* and the mistake in spelling could mislead or deceive no one. The indictment would be saved by the doctrine of *idem sonans,* if on no other ground.

Errors in spelling which do not obscure the sense are not fatal. See 22 *Cyc.* 291, and illustrations in note.

We have examined carefully the authorities cited by appellee. Certainly none of the Maryland cases sustain his contention. The requirements for a good indictment, and the reasons for them, are perhaps as well and concisely stated as anywhere in *Homer* v. *State,* 49 Md., at p. 284, as follows:

"As a general proposition, every indictment must charge the crime of which the party is accused with such certainty and precision that it may be understood without resort to intendments, and all the elements to constitute the offense must be averred. This is important not only as a means of notice to the accused, but as means of identification of the particular accusation, with a view to future protection against a second prosecution for the same offense."

The indictment in this case gratifies all these requirements. It cannot be seriously contended that it failed in any respect to notify the accused of the precise offense with which he was charged, or that, by reason of lack of particularity in the identification of the offense, it left him in danger of a future prosecution therefor. Neither is it open to the objection that it fails to aver any of the elements necessary to constitute the offense under the statute, or that it cannot be understood without resort to intendments.

It is true some of the cases in other states, cited by appellee, go very far in holding errors in spelling and in the misuse or omission of words fatal; much further, indeed, than we feel disposed to go.

Recently, however, the Supreme Court of Missouri, in the case of *State* v. *Adkins*, 225 S. W. Rep. 981, overruled a former decision of that court in *State* v. *Campbell*, 210 Mo. 202, which became known as the "The" case, because the omission of the word "the" immediately preceding the word "State," in the phrase, "against the peace and dignity of the State," was held fatal.

Hardly more than passing notice is required of another objection suggested by counsel for appellee in his oral argument, viz: The failure to use a capital "T" in the word "the" preceding "Baltimore and Ohio Railroad Company," thereby in effect, it was suggested, omitting a part of the name by which the company was incorporated. That objection does not impress us as having much force.

*Judgment reversed and cause remanded.*