ANTHONY IMBRAGUGLIA *v.* STATE OF MARYLAND

[No. 59, October Term, 1944.]

*Decided December 20, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, BAILEY, and CAPPER, JJ.

*Isaac Lobe Straus,* with whom was *Claude A. Hanley* on the brief, for the appellant.

*J. Edgar Harvey, Assistant Attorney General,* and *Joseph G. Finnerty, Assistant State's Attorney for Baltimore City,* with whom were *William C. Walsh, Attorney General, J. Bernard Wells, State's Attorney,* and *Anselm Sodaro, Assistant State's Attorney,* on the brief, for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

Appellant, together with Joseph Tamburo and John Cerniglia, was indicted by the Grand Jury for Baltimore

City for the larceny of a tractor trailer and 253,000 packages of cigarettes, from the Baltimore Transfer Company. The indictment contains three counts; the first being for larceny, the second, for receipt of stolen goods, and the third, for conspiracy. Demurrers were filed by each defendant to the whole indictment, and to each and every count thereof, and were overruled. The appellant and Cerniglia were then tried by jury. At the conclusion of the trial, a *nol pros* was entered by the State to the conspiracy count of the indictment. The jury found Cerniglia not guilty, and found the appellant not guilty on the first count and guilty on the second count. Tamburo, later, was tried before Court without a jury, and was found not guilty. Appellant was sentenced to six years in the Maryland House of Correction, and directed to pay to Liggett & Myers Tobacco Company, owner of the 506 containers of cigarettes received by Appellant, the sum of $27,816, being the value of 456 of said containers. From the verdict, judgment and sentence in the case, this appeal comes here.

The record contains 52 exceptions to the rulings of the Court on questions of evidence. In addition, the appellant also attacks the judgment and sentence. Before passing upon these exceptions, and the judgment and sentence, we must first consider the ruling on the indictment.

The third count of the indictment was abandoned, as we have shown, and the appellant was found not guilty on the first count, so that the question before us relates solely to the validity of the second count. *Cochran v. State,* 119 Md. 539, 87 A. 400; *Marino v. State,* 171 Md. 104, 187 A. 858. The second count is as follows: "And the Jurors aforesaid, on their oath aforesaid, do further present that the said Joseph Tamburo, Antonio Imbraguglia, and John Cerniglia, on the said day, in the said year, at the city aforesaid, One tractor truck of great value, One tractor trailer of great value, One automobile of great value. One vehicle of great value, two hundred and fifty-three thousand packages of cigarettes, each package of cigarettes of great value, of the goods and

chattels, moneys and properties of the Baltimore Transfer Company of Baltimore City, Inc., a corporation, then lately before feloniously stolen, taken and carried away, unlawfully did then and there have and receive, then and there well knowing the said goods and chattels, moneys and properties to have been feloniously stolen, taken and carried away; contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State."

This count is objected to because there is not sufficient description of the stolen articles alleged to have been received, nor is there any statement of their value. Neither is there any date set out in this second count, nor is the place where the alleged crime occurred stated, but it refers for this information to the first count, by the use of the words "on the said day in the said year at the city aforesaid." It has been heretofore held by this Court that such a reference as to time, set out specifically in a first count which had been held bad on demurrer, is sufficient. *Cohen v. State*, 173 Md. 216, 195 A. 532, 196 A. 819. There is no good reason why the same ruling should not apply to venue, and there is authority for it. *Philadelphia, W. & B. R. R. Co. v. State*, 20 Md. 157.

The first count in the indictment also puts a value on the articles alleged therein to have been stolen, but the second count does not state in any way that the articles therein mentioned are the same as those valued in the first count. With the exception of the value, the description of the articles in the first count is the same as that in the second count, and contains no further information with respect to them. That is, it does not state the make of the tractor truck, or of the tractor trailer, or of the automobile, or of vehicle, and as to the latter, does not state what kind of a vehicle it is. As to the cigarettes, it does not state the kind or give the name of the maker.

To the lay mind all of these things are technicalities which should not interfere with prosecution for a crime.

This point of view is based upon an assumption, which may be true in many cases, that the party charged knows what he is charged with, and therefore he is not harmed if the crime is not very definitely defined. The purpose of requiring an indictment, however, and of requiring that indictment to set out specifically the crime charged, is to protect the innocent man who may be wrongfully charged and who may know nothing whatsoever about the crime. The right which every man legally presumed to be innocent has, to be both indicted and tried by a jury of his peers, came into the English law as a result of the practice of prosecution by command of the King or of some of the lesser officials of the Crown. The prosecutors themselves frequently decided the case. Indictments by jury, as well as trials by jury, are, therefore, primarily for the protection of the accused. They are not intended to afford means by which a party, accused of crime, can escape trial because of inconsequential omissions, but the principle must be maintained that the substantial components of the crime must be set out with such particularity that the party accused knows what it is he is being charged with, so that, if he is tried, the recitals in the charge may be sufficient to protect him from a second trial for the same offense. An objection made on the ground that an indictment fails in these particulars is not a technical objection; it is one that goes to the very heart of the law, and it must be seriously dealt with. We have recently discussed some phases of this question in the case of *State v. Petrushansky*, 183 Md. 67, 36 A. 2d 533, 537. In that case we held the indictments good because they revealed "no failure to inform the appellees of the charges against them, no lack of definitions which might cause them to be in danger of another charge for the same offense * * *."

The general rule is that every count in an indictment must be complete in itself and describe an offense. This rule was mentioned by this Court in a recent case in which the Court examined an indictment of 18 counts,

found each one to be good, and then discussed the question whether several of the counts had been improperly joined. In that case the Court said: "Since each count must embody a distinct and complete accusation of a single crime, the general rule that permits the joinder of several counts in an indictment is a recognition of the doctrine that distinct offenses may be charged in an indictment." *Simmons v. State,* 165 Md. 155, 167 A. 60, 64. See 42 *C. J. C., Indictments and Informations,* Secs. 152, 153, 154. There was a similar contention of misjoinder of counts in the present case, but it is not before us, due to the fact, above stated, that the third count was abandoned by the State, and the appellant was found not guilty on the first count. We therefore have before us only the question of the sufficiency of the second count.

It may be argued with considerable plausibility that, as the appellant was tried on this entire indictment, and as the first count sets out the value of the various articles stolen, and as the articles mentioned in the second count are similarly described, leaving out only the value, the appellant could have been under no misapprehension as to what stolen goods he was charged with receiving, or their value. That argument, however, does not apply to the description of the goods stolen. The make of the tractor truck or of the tractor trailer or of the automobile does not appear, nor does it appear whether they are one and the same conveyance, or several different ones. The final description "one vehicle" is so general that it might mean almost any sort of a conveyance on which anything can be carried. Nor does it appear what kind of stolen cigarettes the appellant is charged with having received. There are any number of brands of cigarettes made by different tobacco companies, which have the value of fifteen cents a package.

If we assume the construction most favorable to the State, we have a count which says that the appellant received on December 20, 1943, as stolen goods, one tractor trailer of the value of $5,000 and 253,000 packages of cigarettes of the value of fifteen cents each, the properties

of the Baltimore Transfer Company. Laying aside the question whether an accused received from such a charge sufficient information about the crime with which he is charged to enable him to make proper defense, we come to the second question, whether a trial on such a charge would enable him to plead former jeopardy on a second trial for the same offense. In the early case of *State v. Nutwell*, 1 Gill 54, the Court said: "Certainty to a reasonable extent, is an essential attribute of all pleading, both civil and criminal, but is more especially necessary in the latter, where conviction is followed by penal consequences. One of its objects is notice to the party of the nature of the charge, against which he is to come prepared to defend himself; and it is also necessary, not only that the offense may be displayed upon the record, so as to enable the court to pronounce the sentence of the law, but to enable the party to defend himself against a second prosecution for the same crime, by pleading a prior acquittal or conviction." In *Kearney v. State*, 48 Md. 16, it was said: "The want of a direct allegation of any thing material in the description of the substance, nature, or manner of the crime, cannot be supplied by intendment, and hence it has always been held, that it is an essential requisite in every indictment that it should allege all matters material to constitute the particular crime charged, with such positiveness and directness, as not to need the aid of intendment or implication." In *Stewart v. State*, 62 Md. 412, the Court said: "The well settled rules of criminal pleading require that the offense shall be described in the indictment with such certainty and precision as will inform the accused of the nature of the charge brought against him; and as will enable him also to plead his acquittal or conviction in bar to a second prosecution." In *State v. Warfield*, 139 Md. 74, 75, 114 A. 835, 836, it was again said: "The requirements for a good indictment, and the reasons for them, are perhaps as well and concisely stated as anywhere in *Horner v. State*, 49 Md. at page 284, as follows: 'As a general proposition, every indictment must charge the

crime of which the party is accused with such certainty and precision that it may be understood without resort to intendments, and all the elements to constitute the offense must be averred. This is important not only as a means of notice to the accused, but as means of identification of the particular accusation, with a view to future protection against a second prosecution for the same offense.' "

The general requirements of a valid indictment are described, and the same rule is set out in the recent case of *State v. Lassotovitch,* 162 Md. 147, 159 A. 362, 366, where the Court said: "Every charge or accusation, whether at common law or under statute, must include at least two elements: First, the characterization of the crime; and, second, such description of the particular act alleged to have been committed by the accused as will enable him to properly defend against the accusation. In statutory crimes, where the statute includes the elements necessary to constitute a crime, the first of these requirements is gratified by characterizing the offense in the words of the statute; the second requires such' definite and specific allegations as reasonably to put the accused on notice of the particular act charged, to enable him to prepare a defense and plead the judgment in any subsequent attempted prosecution." And the Court, in that case, also said that the defective indictment could not be made good by a bill of particulars. We have not exhausted the list of Maryland cases, and we have not gone outside of our own decisions, because the rule has been definitely laid down and long adhered to in this Court. The question in each case is the application of that rule to the indictment before the Court. We must hold that the second count of the indictment in this case, as to substantial facts, does not provide sufficient information, either with or without referring to the other count to enable the appellant to plead a conviction in bar of a subsequent trial for any offense. We, therefore, hold that the demurrer to it should have been sustained.

We are advised that the practice in Baltimore City for a number of years has been to put the substantial allegations in a larceny count, and then add a count of receiving stolen goods which does not contain these substantial averments. Apparently it has been thought by the draftsmen of these indictments that an accused was given sufficient information in the first count, and that he would understand by inference that the second count charged the receipt of the same stolen goods as those alleged to have been taken in the first count. That theory overlooks the fundamental rule which we have discussed, that each count of an indictment must be sufficient in itself to charge a crime. The practice is one which should not be followed. It would require very little more trouble to incorporate in a second count of such an indictment the same substantial facts set out in the first count. In cases like the one at bar it would seem to be imperative to incorporate in both counts some further description of the articles stolen, such as the trade name of the tractor or automobile or other vehicle, and of the cigarettes.

In view of our conclusion that the second count of the indictment is bad, and that the demurrers to it should have been sustained, it becomes unnecessary for us to consider the exceptions as to the evidence which are contained in the record or the objections made to the judgment and sentence of the Court.

*Judgment and sentence reversed.*

COLLINS, J., concurs in the result.