**PILGREEN v. UNITED STATES.**

No. 13382.

Circuit Court of Appeals, Eighth Circuit.

Sept. 30, 1946.

Bert B. Larey and Paul Jones, both of Texarkana, Ark., for appellant.

Thomas C. Pitts, Asst. U. S. Atty., of Fort Smith, Ark. (R. S. Wilson, U. S. Atty., of Van Buren, Ark., and Charles A. Beasley, Jr., Asst. U. S. Atty., of Fort Smith, Ark., on the brief), for appellee.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

An indictment in three counts was returned against the appellant and Frank Huber. Huber pleaded guilty to each count. The appellant was tried, found guilty by the jury under count two and not guilty under counts one and three. He appeals from the sentence imposed by the court.

The first count of the indictment charged that the defendants had in their possession and custody an unregistered still, in violation of 26 U.S.C.A. Int.Rev.Code, § 2810; count two charged that defendants engaged in and carried on the business of a distiller of spiritous liquors without having given bond and with intent to defraud the United States of the tax on the spirits distilled by them, in violation of 26 U.S.C.A. Int. Rev.Code, § 2833; and count three charged that defendants made and fermented 100 gallons of mash, wort and wash, fit for distillation and for production of spirits

and alcohol, on premises other than an authorized distillery, in violation of 26 U.S. C.A. Int.Rev.Code, § 2834.

Two principal contentions are presented on appeal: 1. The verdict is inconsistent, and 2. The evidence does not support the verdict.

The first contention is that the same facts were relied upon to support the three counts of the indictment, and that since a verdict of not guilty was returned on counts one and three and of guilty on count two, the latter will not be allowed to stand. Appellant relies upon cases decided prior to 1932, such as Speiller v. United States, 3. Cir., 31 F.2d 682, and Boyle v. United States, 8 Cir., 22 F.2d 547. The teaching of the cases relied upon by appellant is not now the law in the federal courts. Consistency in the verdict of a jury is not necessary. Where different offenses are separately charged in the counts of a single indictment and the same evidence is offered in support of each, an acquittal on one count can not be pleaded as res judicata of the others. Dunn v. United States, 1932, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161; United States v. Dotterweich, 320 U.S. 277, 279, 64 S.Ct. 134, 88 L.Ed. 48; Foshay v. United States, 8 Cir., 68 F.2d 205; Audett v. United States, 8 Cir., 132 F.2d 528; Stein v. United States, 9 Cir., 153 F.2d 737, 744; United States v. Hare, 7 Cir., 153 F.2d 816, 819.

No exceptions were taken to the instructions to the jury or to the rulings of the court on the admission or rejection of evidence. The insufficiency of the evidence to support the verdict was raised by motions for a directed verdict and for a new trial.

In considering the sufficiency of the evidence to support the verdict of the jury, an established rule is that the appellate court must take that view of the evidence most favorable to the government; must give to the government the benefit of all inferences which reasonably may be drawn from the evidence; and must not undertake to determine the weight of the evidence or the credibility of the witnesses. Affronti v. United States, 8 Cir., 145 F.2d 3, 5; Egan v. United States, 8 Cir., 137

F.2d 369, 375, 376; Miller v. United States, 8 Cir., 138 F.2d 258, 259.

Applying this rule to the record here, the evidence would warrant the jury in finding that on or about Wednesday, September 19, 1945, an investigator for the Alcohol Tax Unit of the United States Treasury Department discovered a still in an unenclosed wooded thicket about three-fourths of a mile from the residence of the defendant Huber and two or three miles from the town of Fouke, Arkansas. When discovered the still was not in operation, but it was hot and appeared to have been in use very recently.

On the following Monday morning, September 24th, two investigators with two deputy sheriffs and another raided the site of the still, where they found defendant Huber and the appellant both at work. Huber was cutting wood and appellant was sealing up the joints of the still with paste. The copper still pot contained 50 gallons of mash. A fire was under the pot, but the mash had not begun to boil. The fire was permitted to burn under the pot and the still to operate until a quart of whiskey was run off. The still was then destroyed by the officers. Two barrels of mash made of corn, sweetening and chops, and fit for distillation, were found on the premises. When they discovered the officers approaching, Huber and appellant ran but were overtaken and placed under arrest.

Huber owned the still, but two or three weeks prior to their arrest Huber and appellant had entered into a partnership arrangement to operate it. Pursuant to such arrangement Huber furnished the still and appellant brought sugar and other ingredients to make the mash and containers for the whiskey or spirits. Huber paid one-half of these expenses, and they shared equally in the product. As the whiskey came from the still it was put in containers, hidden in the woods, and afterwards removed and sold by appellant.

The appellant's contention here is that the evidence fails to show that he attempted to remove any of the distilled spirits from the premises where the still was located or that he had any interest in the still itself. As to the first of these

contentions the evidence supports the conclusion that he did remove from the premises distilled spirits made at the still after he entered into the partnership arrangement with Huber. As to the second contention, the law does not require the distiller to be the owner of the still. It is sufficient that he is in possession and uses the still in violation of law.

There is no contention that a bond was given as required by law with respect to carrying on the business of a distiller in connection with the operation of the still or that the tax imposed by law had been or was intended to be paid.

The contentions of the appellant are wholly without merit. The sentence appealed from is accordingly affirmed.