## CUNNINGHAM *v.* STATE

[No. 150, October Term, 1947.]

*Decided May 21, 1948.*

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Michael Paul Smith,* with whom were *Robert E. Car-
ney* and *M. William Adelson* on the brief, for the ap-
pellant.

*J. Edgar Harvey, Assistant Attorney General,* with
whom were *Hall Hammond, Attorney General,* and *John
Grason Turnbull, State's Attorney for Baltimore County,*
on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

These are two appeals by Albert Morris Cunningham,
appellant, from judgments and sentences on conviction on
two indictments, each indictment charging him in two
counts with bribing and attempting to bribe Henry W.
Kone, a police officer of Baltimore County, contrary to
the provisions of Article 27, Section 27, of the Anno-
tated Code of Maryland, 1939 Edition.

The appellant alleges as error the overruling by the trial judge of demurrers filed to the indictments in these cases.

The first count of each indictment charges that the appellant "did unlawfully wilfully and corruptly give to Henry W. Kone, who was then and there a police officer of Baltimore County, a certain sum of money, to wit: ten dollars in United States currency in order to influence the said Henry W. Kone in the performance of his official duties; * * *". The second count in each indictment charges that the appellant "did attempt with force and arms to unlawfully, wilfully and corruptly bribe Henry W. Kone, who was then and there a police officer of Baltimore County, that being an offense prohibited by law, and in such attempt did then and there do a certain overt act towards the commission of said offense, to wit: did then and there, with force and arms, give to Henry W. Kone a certain sum of money, to wit: ten dollars in United States currency in order to influence the said Henry W. Kone in the performance of his official duties, * * *".

Article 27, Section 27, *supra*, prescribes penalties for bribing or attempting to bribe among others, any officer or employee of any county in this State "in order to influence any such officer or person in the performance of any of his official duties."

Appellant contends that the indictments here violated fundamental requirements of certainty in criminal pleading, to enable preparation of a defense and to permit a plea of former jeopardy although the indictments are laid in the words of the statute. He contends that the official duties of a police officer are so many and varied, extending from the enforcement of traffic laws to the prevention and detection of the most serious crimes of all categories, it would be impossible for the appellant to plead his accquittal or conviction in the instant cases as a bar to a subsequent prosecution on an indictment in the very same language or which merely added the specific duty which was allegedly sought to be influenced.

There have been cases in this Court where it was held necessary to add additional words to the indictment on account of special circumstances in the case or where certain important details have been omitted. Among those are the following: *Bode v. State,* 7 Gill 326, which involved a prosecution for selling spirituous liquors on Sunday. The Court there construed the statute to apply only to licensees and held it was necessary to state in the indictment. that the accused was a licensee. The reason given for such a ruling by the Court was that on conviction of a second offense under the statute, the Court was to declare the offender's license null and void and it would be impossible for the Court to declare the license null and void "unless it appeared upon the face of the indictment, that the party charged was a licensed tavern keeper, or a licensed retailer * * *". See also *Kenny v. State,* 121 Md. 120, 87 A. 1109. In *Armacost v. State,* 133 Md. 289, 105 A. 147, the accused was charged with obtaining credits, goods and wares on a bad check. The indictment failed to allege the nature or ownership of the credits, goods and wares and for that reason was held to be faulty. In *State v. Lassotovitch,* 162 Md. 147, 159 A. 362, 81 A. L. R. 69, the charge was failure to pay a minimum wage. The indictment did not state the names of the parties to whom such wage was not paid and for that reason was held void. In *Imbraguglia v. State,* 184 Md. 174, 40 A. 2d 329, the indictment was held faulty because there was not a sufficient description of the stolen articles alleged to have been received, nor a statement of their value. See also *State v. Bixler,* 62 Md. 354, and *Mulkern v. State,* 127 Md. 41, 96 A. 3, where allegations, material to an indictment, were not included therein. The case of *State v. Lassotovitch, supra,* would be in point here had the State failed to name the police officer in the indictment.

Apparently the only case previously before this Court involving an indictment under Article 27, Section 27, *supra,* is that of *Bosco v. State,* 157 Md. 407, 146 A.

238. In that case the indictment charged the accused with giving to a justice of the peace money in an attempt to bribe the justice of the peace, to influence him to decide in favor of the accused in a certain prosecution pending before the justice of the peace against the accused charging the accused with unlawfully selling intoxicating liquors contrary to the statute. It was urged by the appellant in that case that because the indictment did not set out the fact that the accused had knowledge of the official character of the person to whom the bribe was offered, the indictment was fatally defective. This Court pointed out in that case that the indictment was laid in the language of the statute and in this State a statutory offense is sufficiently charged if the indictment is laid in the language of the statute, and that the indictment in that case, although not specifically averring that the appellant knew that the person to whom the bribe was offered was a justice of the peace, was sufficient to impart knowledge on the part of the appellant that the person to whom the bribe was offered was a justice of the peace, and that the demurrer to the indictment was properly overruled. Fourteen earlier cases are therein cited as authority, that where the indictment is for a statutory offense it is sufficient to lay the indictment in the words of the statute.

There are many decisions in this State to support the principle that indictments for statutory offenses are sufficient if laid in the words of the statute. Some of the late cases sustaining this principle are: *Bosco v. State, supra; Coblentz v. State,* 164 Md. 558, 166 A. 45, 88 A. L. R. 886; *State v. Coblentz,* 167 Md. 523, 175 A. 340; *Abramson v. State,* 167 Md. 531, 175 A. 593; *Kirschgessner v. State,* 174 Md. 195, 198 A. 271; *Richardson v. State,* 175 Md. 216, 200 A. 362; *State v. Petrushansky,* 183 Md. 67, 36 A. 2d 533.

In *State v. Petrushansky, supra,* the accused was indicted under Code Supp., Article 2B, Section 89A, which forbids a licensee from storing or keeping any alcoholic beverage except on the premises covered by the license.

Demurrers were filed to the indictment. One of the claims made in that case was that the indictment should have contained the allegation that the alcoholic beverage was kept for sale. This Court, in sustaining the indictment in that case, pointed out that if the accused did not have the alcoholic beverage for sale that was a matter which they could offer as a defense at the trial and was not a necessary allegation. In *State v. Coblentz,* 167 Md. 523, at page 528, 175 A. 340, 343, *supra,* Chief Judge Bond said: "There are very few exceptions to the rule that the words of the statute creating and defining a crime are sufficient for a charge of committing it." In that case, in holding the indictment sufficient, it was said, 167 Md. at page 529, 175 A. at page 343: "The '(statutory)' words must be sufficient to meet the practical needs which an indictment is intended to supply, but if those needs are met, the rule holds, and the words of the statute are sufficient."

Here, the statute forbids the bribing of an officer to influence him in the performance of his official duties. The essence of the crime is the passing of money to the officer to influence the officer in the performance of his official duties. The words of the indictments charged the accused with giving the officer money in order to influence the said officer in the performance of his official duties. The indictments are plainly laid in the words of the statute and are sufficient to inform the accused of the charge against him.

The general requirements of a valid indictment are set out in the case of *State v. Lassotovitch, supra,* where this Court said, 162 Md. at page 156, 159 A. at page 366, 81 A. L. R. 69: "Every charge or accusation, whether at common law or under statute, must include at least two elements: First, the characterization of the crime; and, second, such description of the particular act alleged to have been committed by the accused as will enable him to properly defend against the accusation. In statutory crimes, where the statute includes the elements necessary to constitute a crime, the first of these requirements

is gratified by characterizing the offense in the words of the statute; the second requires such definite and specific allegations as reasonably to put the accused on notice of the particular act charged, to enable him to prepare a defense and plead the judgment in any subsequent attempted prosecution." In *Saunders v. State*, 43 Ga. App. 59, 158 S. E. 433, the accused was indicted for the offense of bribery. One of the grounds of the demurrer was that the indictment failed to set out in what respect the official behavior of the accused was to be influenced by the payment of the money, and what official act was to be performed or not to be performed by him as a result of the payment of said money. The Court there held that the contention was without merit, and the law does not require that the evidence should be set out in the indictment, but only that the offense should be charged in the terms and language of the statute, or so plainly that the nature of the offense could be easily understood. See also *People v. Clougher*, 246 N. Y. 106, 158 N. E. 38; *Commonwealth v. Hayes*, 311 Mass. 21, 40 N. E. 2d 27; *People v. Earl*, 299 Mich. 579, 300 N. W. 890.

The appellant relies strongly on a number of Federal cases where indictments were held too general. In *Kellerman v. United States*, 3 Cir., 295 F. 796, it was held that the indictment was insufficient because of failure to allege that the person bribed was an officer of the United States. No such contention is raised in the instant case as to the designation of the officer. In *Boykin v. United States*, 5 Cir., 11 F. 2d 484, the indictment charged the accused with giving money to a duly authorized government prohibition agent to influence the decision and action of that prohibition agent under the National Prohibition Act, 27 U. S. C. A. § 1 *et seq*. The indictment in that case was held defective because, although in the general words of the statute, it did not allege the specific offense coming under the general description of the statute and was therefore too broad. The statute against bribery in the case at bar, of course, is

by no means as broad as was the National Prohibition Act. In *United States v. Wardell,* C.C., 49 F. 914, 915, the accused was charged with interfering with a deputy marshal while "acting and performing the duties required of him, and which he was then and there authorized to perform by the laws of the United States," and by the provisions of title "The Elective Franchise of the Revised Statutes". This indictment, although in the general words of the statute, was held defective because it did not set out the duties the deputy marshal was performing. The indictment there was, of course, much broader than those in the instant case.

In *United States v. Hess,* 124 U. S. 483, 8 S. Ct. 571, 573, 31 L. Ed. 516, an indictment charged that the defendant "devised a scheme to defraud" but gave no particulars as to the alleged scheme. This indictment, of course, was held too general in its description and defective. The case of *United States v. Cruikshank,* 92 U. S. 542, 23 L. Ed. 588, is not in point here. These Federal cases relied on by the appellant are brought under Federal statutes so sweeping and general that the mere words of the statute give little or no information. Such is not the case with the indictments now before us.

At the trial of the cases under these indictments it was necessary for the State to prove the charges. If the accused were again charged with the same offenses, by producing the records in these cases he would be able to plead the judgments in any subsequent attempted prosecution. The judgments will therefore be affirmed.

*Judgments affirmed, with costs.*