### STURGILL *v.* STATE

[No. 187, October Term, 1947.]

*Decided June 17, 1948.*

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

James F. Evans for the appellant.

Hall Hammond, Attorney General, J. Edgar Harvey,
Assistant Attorney General, Clarke Murphy, Jr., Special
Assistant Attorney General, Henry L. Constable, State's
Attorney for Cecil County, and J. Gifford Scarborough,
Assistant State's Attorney for Cecil County, for the
appellee.

MARBURY, C. J., delivered the opinion of the Court.

The appellant was indicted by the grand jury of Cecil
County for violation of Section 444A of article 27 of the
Annotated Code of Maryland. The indictment charges
that the appellant, on September 1, 1947, "did unlaw-
fully erect and maintain billboards and other structures,
signs, posters and display advertising, either as separate
structures or otherwise, and information booths, intended
to aid in the solicitation and performance of marriages."
Appellant demurred to this indictment. His demurrer
was overruled, and after trial by the court he was found
guilty and sentenced to pay a fine of $50 from which
judgment and sentence he appeals here.

The basis of appellant's demurrer is that the indict-
ment does not embody a distinct accusation of a single
crime, but charges the defendant with a half dozen dif-
ferent, separate and distinct crimes, and that the appel-
lant is not protected from a second trial for the same
offense, because no one crime of which he is charged is
set out with such particularity that it can be determined
with what he is being charged. In support of this propo-
sition, the cases of State v. Lassotovitch, 162 Md. 147,
159 A. 362, 81 A. L. R. 69, and Imbraguglia v. State, 184
Md. 174, 40 A. 2d 329, are cited. These cases are au-
thority for the general principle that the substantial com-
ponents of the crime charged must be set out with such
particularity that the accused knows with what he is

charged and, if he is tried, the recitals may be sufficient to protect him from a second trial for the same offense.

The indictment in the case before us is in the exact words of the statute, except that the conjunction "and" is used in the indictment in such places as the conjunction "or" is found in the statute. The rule is that where an indictment is laid in the words of the statute, it will ordinarily be sufficient. *State v. Petrushansky*, 183 Md. 67, 36 A. 2d 533 and cases there cited and discussed. The insertion of "and" in place of "or" is the proper method in a case where a number of different but allied things are forbidden by the statute. This Court has several times said that where "or" is used in an indictment, it will be defective, but where "and" is used the indictment will be good, and the crime will be established at the trial by proof of any of the forbidden things charged. *Stearns v. State*, 81 Md. 341, 32 A. 282; *Pritchett v. State*, 140 Md. 310, 117 A. 763; *Reynolds v. State*, 141 Md. 637, 119 A. 457. It seems to be clear, therefore, that the indictment is sufficient and the order of the court overruling the demurrer was correct.

The appellant also seems to object to the sufficiency of the evidence, and to the fact that the court, in its memorandum, considered, as part of this evidence, the fact that the defendant, while a minister of the Gospel, is not the pastor of any church, and performs none of the customary ministerial duties except the performance of marriages. We cannot, of course, review the sufficiency of the evidence in a criminal case. *Davis v. State*, Md. 55 A. 2d 702. It does not appear from the appendices how this evidence was introduced, and whether an objection was made to it, although the appellant, in his brief, states that he objected to practically everything that the state offered. If we treat the contention of the appellant as an objection to the evidence, we do not think it well founded. The statute, under which he was indicted was upheld by this Court in the case of *State v. Clay*, 182 Md. 639, 35 A. 2d 821. In view of the evidence that the appellant put out a sign advertising himself as

a minister, the fact that he was not a pastor of a church and performed no ministerial duties other than marrying people was pertinent and admissible on a charge that the sign was erected with the intention of aiding in the solicitation of performance of marriages as prohibited by the statute.

Since we find no error in the rulings of the trial court, the judgment will be affirmed.

*Judgment affirmed, with costs.*