## LEET *v.* STATE

[No. 32, October Term, 1953.]

*Decided December 4, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Harry M. Leet,* in proper person.

*Ambrose T. Hartman, Assistant Attorney General,* with whom were *Edward D. E. Rollins, Attorney Gen-*

*eral,* and *Walter W. Dawson, State's Attorney for Montgomery County,* on the brief, for the appellee.

SOBELOFF, C. J., delivered the opinion of the Court.

From a conviction in the Circuit Court for Montgomery County under Section 316 of Article 81, 1951 Code, which punishes the wilful failure to file an income tax return, this appeal is taken. The appellant contends that not all the necessary elements of the offense are sufficiently set forth in the indictment; that the evidence is insufficient to show that his failure was wilful; and that the jury's verdict of conviction should be set aside because it is repugnant to a verdict of the same jury finding him not guilty on a count for wilful failure to pay the income tax due for the same year.

The appellant is a lawyer employed by the government of the United States, who works in the District of Columbia but lives in Montgomery County, Maryland. The count upon which he was convicted alleged as follows:

"The Grand Jurors of the State of Maryland for the body of Montgomery County, upon their oath and affirmations, present that Harry M. Leet, late of said County, on the 15th day of April in the year of our Lord Nineteen Hundred and Fifty-Two at the County aforesaid, being a married resident of the State of Maryland, living with his wife, and not being a fiduciary, received a gross income for the taxable year of 1951 in excess of Two Thousand Dollars and not having been granted an extension of time by the Comptroller of the State of Maryland for the filing of the return, did unlawfully and wilfully refuse to file an income tax return with the Comptroller of the State of Maryland, stating specifically the items of his gross income and the items he claimed as deductions, exemptions and credits allowable by law, contrary to the form of the Act of the Assembly in such

case made and provided, and against the peace, government and dignity of the State."

The appellant concedes that the indictment adequately alleged that his income in the year 1951 was sufficient to require filing a return on April 15, 1952, but he insists that it does not sufficiently allege his residence in Maryland for all or any part of 1951. He contends, therefore, that as it does not appear from the indictment that he was subject to the tax or to the obligation of filing a return, it is defective.

I.

It has been stated frequently that an indictment is sufficient if it informs the person charged of the accusation against him, as required by the Declaration of Rights, Article 21, and if the charge is made with sufficient definiteness to prevent the accused from being charged again with the same offense in a future prosecution. *State v. Edwards*, 124 Md. 592, 595, 92 A. 1037, 1038; *State v. Warfield*, 139 Md. 74, 77, 114 A. 835, 836; *State v. Petrushansky*, 183 Md. 67, 74, 36 A. 2d 533, 536; *Imbraguglia v. State*, 184 Md. 174, 178, 40 A. 2d 329, 330; *State v. Carter*, 200 Md. 255, 267, 89 A. 2d 586, 591.

A reading of the indictment discloses with fair certainty that the obligation to file a return on April 15, 1952, is predicated upon the appellant's residence in the State in the year 1951. The draftsman of the indictment, following immemorial custom, undertook to allege all the elements of the offense in a single sentence. This resulted in a language structure that is somewhat archaic and should not be insisted upon in mid-twentieth century. Prosecutors should perhaps be encouraged to develop forms of criminal pleading better attuned to modern literary usage, but we cannot say that such an indictment as we have before us is improper. Its meaning is clear, and this alone is important. Captious and insubstantial quarrels with mere form of expression in an indictment, where the intended meaning is clearly manifest, are not favored. Article 27, Section 692 (1951

Code) ; *State v. Wheatley,* 192 Md. 44, 50, 63 A. 2d 644, 647; *Shelton v. State,* 198 Md. 405, 409, 84 A. 2d 76, 78. Mere differences in style and preferences in sentence structure or punctuation, even errors in punctuation where meaning is not obscured, do not vitiate a criminal indictment. *Edwards v. State,* 220 Ind. 490, 44 N. E. 2d 304; *State v. Kaner,* 338 Mo. 972, 93 S. W. 2d 671; *State v. Ruble,* 119 W. Va. 356, 193 S. E. 567. The words, "being a married resident of the State of Maryland, living with his wife, and not being a fiduciary, received a gross income for the taxable year of 1951 in excess of Two Thousand Dollars * * *" constitute a definite statement that in 1951 the traverser was a resident of this state and received the necessary gross income to subject him to the obligation of the income tax law. The quoted language is set off by commas, and the words "for the taxable year of 1951" which are embraced therein relate to both residence and income. If the challenged count were to embrace within parentheses what is included in these commas, the intent of the draftsman would perhaps be made more graphic, but this would not be necessary to make clear the draftsman's purpose to charge both a requisite residence and income in the year 1951. We find no merit in the contention that "the taxable year of 1951" should be read as pertaining only to the income allegation and not to residence. At the hearing in this court the appellant in fact acknowledged —as he necessarily must—that he knew he was indicted for failure to file a return for the year 1951, and the first requirement is thus fully satisfied.

II.

We think there is no greater merit in the suggestion that the indictment is so general in its language that the appellant may be subjected to future prosecution for the same offense, for he need only point to the indictment now before us in asserting a plea of former jeopardy.

Moreover, as this Court held in *Cunningham v. State,* 190 Md. 578, 59 A. 2d 337, the accused, if he were

again charged with the same offense, could by producing the record in this case, support his plea in bar of the later prosecution.

### III.

With respect to the contention that the evidence is legally insufficient to justify a finding that the defendant had knowledge of his duty to file the tax return, this is a matter which since the 1949 amendment to Article 15, Section 5, of the Constitution of Maryland, and Chapter 596 of the Acts of 1949 (now Article 27, Section 700, 1951 Code) can be reviewed in this Court if properly raised. Rule 5A of the Criminal Rules of Practice and Procedure repeats the substance of Article 27, Section 700:

"Rule 5A. Directed Verdict * * *

(a) At the conclusion of the evidence for the State the accused may request an instruction that the evidence is insufficient in law to justify his conviction. If the instruction is refused, he may offer evidence on his own behalf without having reserved the right to do so, but by so doing, he withdraws his request for such instruction. The request for such an instruction may be renewed at the end of the whole case."

The appellant did not make this point seasonably at the close of the evidence, as required by Rule 5A, but attempted to raise the question nearly two months after conviction by what may be likened to a Motion for a Judgment N. O. V., a step not recognized in the criminal procedure of this state. See *Strahorn*, 12 Md. Law Review, 68, at 84. Indeed, this Court, speaking through Judge Henderson, has held: "It is perfectly clear from the constitutional amendment and the supplementary statute that appellate review is predicated upon the refusal of an instruction offered and a ruling thereon by the trial court. In this respect the statute and the rule follow the analogy to Rule 9 of the Rules Respecting Appeals, of long standing and general applicability, and Rule 4 of the Trial Rules of Practice

and Procedure applicable in civil cases. Cf. *Wright v. Baker,* 197 Md. 315, 319, 79 A. 2d 159, 161, *Smith v. Carr,* 189 Md. 338, 339, 56 A. 2d 151 and *Schley v. Merritt,* 37 Md. 352, 360. In the absence of any request for an instruction there can be no review of the sufficiency of the evidence." *Auchincloss v. State,* 200 Md. 310, 315, 89 A. 2d 605, 607. See also *Hendrix v. State,* 200 Md. 380, 391, 90 A. 2d 186, 191.

The case of *Hutson v. State,* 202 Md. 333, 96 A. 2d 593, cited by the appellant, does not aid him. There this Court did review the sufficiency of the evidence because, though the point was raised in the trial court not strictly as provided by Rule 5A, it was raised *before verdict.* Even so, the Court declined to approve the form of objection but the procedure followed at least was fair to the state and to the trial court, because the question was raised at a time when the Court's instruction to the jury could be corrected before the jury rendered a verdict. Plainly, the language of Article 27, Section 700, and Rule 5A, does not contemplate a review on appeal of an instruction requested after the verdict.

Nor would Rule 6(g) avail the appellant. This rule provides in part: "No other errors or assignments of errors in the instructions shall be considered by the Court of Appeals, but the Court of Appeals of its own motion may take cognizance of and correct any plain error material to the rights of the accused even though not included in the assignment of errors." We think that Rule 6(g) was not intended to provide a review of the sufficiency of the evidence, where the point was not raised in suitable form as required by Rule 5A. In *Hendrix v. State,* supra, this Court refused to give to Rule 6(g) the broad scope which appellant urges. Even the separate concurring opinion of Judge Markell made it plain that the rule should not be misused to entertain an appellant's "frivolous afterthought". We consider this characterization apt and just here.

If we reached the question of the sufficiency of the evidence to prove appellant's knowledge of an obligation to file a return, we should have no alternative on this record but to hold his contention without merit. In the first place, one earning his living as a lawyer for the government is hardly in a meritorious position to seek relaxation of the rule generally applied, that all are presumed to know the law, and ignorance excuses no one. In addition, the appellant had filed returns in Maryland for earlier years and there was evidence that the appellant was actually notified by a representative of the Comptroller's office four months before his 1951 return was due that he must file a return by April 15, 1952. Thus there was ample evidence to satisfy the jury beyond a reasonable doubt that the appellant was aware of his legal duty to file the return, and that his failure to do so was wilful.

IV.

Finally, it is insisted that the conviction on the count we have been considering should be set aside because it is inconsistent with the verdict of acquittal on another count of the indictment, which charged "wilful failure to pay the tax" for the year 1951. It is by no means certain that there was actually an inconsistency, for from the testimony it is reasonable to believe that the jury may have concluded that the appellant was wilful in failing to file his return but that his failure to pay the tax was not wilful. Cf. *Lanasa v. State*, 109 Md. 602, 609, 71 A. 1058, 1061; *Harris v. State*, 182 Md. 27, 31 A. 2d 609.

If we nevertheless assume that there was an inconsistency, the result is not necessarily to reverse the conviction. While it is true that a finding of *guilt* on two inconsistent counts will be declared invalid in Maryland, *Heinze v. State*, 184 Md. 613, 617, 42 A. 2d 128, 130, it does not follow that a conviction on one count may not stand because of an inconsistent acquittal on another count. In answer to a contention almost identical to the one advanced here, Justice Holmes said:

"Consistency in a verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment * * *. If separate indictments had been presented against the defendant for possession and for maintenance of a nuisance, and had been separately tried, the same evidence being offered in support of each, an acquittal on one could not be pleaded as *res judicata* of the other. Where the offenses are separately charged in the counts of a single indictment the same rule must hold. As was said in *Steckler v. United States*, 7 F. 2d 59, 60: 'The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity.' Compare *Horning v. District of Columbia*, 254 U. S. 135. That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters." *Dunn v. United States*, 284 U. S. 390, 393; see also *Frisina v. United States*, 49 F. 2d 733, 735 (general rule before the *Dunn* case) ; *Pilgreen v. United States*, 157 F. 2d 427, 428; *United States v. Delasco*, 184 F. 2d 746, 749.

*Judgment affirmed with costs.*